[S. F. No. 437. In Bank.—April 5, 1898.]

# H. S. KELLEY, Plaintiff, v. WILLIAM OWENS, Executor, etc., et al., Appellants.

RESCISSION OF CONTRACT—RESTITUTION OF STOCK—OFFER BEFORE SUIT—PLEADING.—In an action to rescind a contract under which plaintiff's land was exchanged for shares of stock held by the defendant, which were transferred to the name of the plaintiff, for alleged fraudulent representations of the defendant as to the stock, if the stock has any value, it must be averred in the complaint that before the commencement of the action plaintiff gave notice of the rescission and offered to restore the shares of stock to the defendant, unless sufficient excuse is shown for the failure to do so; and it is not sufficient merely to offer in the complaint to restore the stock, and to leave the unindorsed shares with the clerk, to be indorsed under the order of the court, and to aver a mere readiness and willingness to return and deliver the stock.

ID.—ACTION FOR RESCISSION.—An action for a rescission in equity, in which restoration or an offer to restore before suit brought is unnecessary, as distinguished from an action upon a rescission, will lie only in such exceptional cases as where the thing received is of no value to either of the parties, or is merely the individual note of the defendant, or where the defendant could not have been injuriously affected by a failure to restore, or where the contract is absolutely void, or where, without fault of the plaintiff, the circumstances are such that plaintiff could not offer full restoration, and the court may, by final decree, adjust the equities between the parties.

ID.—DISTINCTION NOT BASED UPON FORM OF ACTION.—The distinction between an action for a rescission and an action upon a rescission is not based upon the form of the action, but upon the difference between the cases which are within the rule that restitution must be offered before suit, and those which, owing to peculiar facts, are exceptions to the rule; and the real facts, and rights arising thereon, cannot be kept out of sight by the device of a particular form of action.

ID.—CONSTRUCTION OF CODE AS TO RELIEF.—Sections 3406-3408 of the Civil Code, respecting relief in cases of rescission of contracts, do not establish any new rule upon the subject.

ID.—DEPOSIT OF UNINDORSED SHARES—SALE FOR ASSESSMENTS—IMPOSSIBILITY OF RESCISSION.—The placing of the certificate of the shares of stock in the hands of the clerk without indorsement or assignment thereof was unavailing, and could not throw upon the defendants the burden of caring for the stock and paying assessments thereon; and where the shares of stock were sold for unpaid assessments during the pendency of the action, rescission was thereby rendered impossible by the conduct of the plaintiff; and a decree therefor subsequently rendered, upon condition that plaintiff should indorse and deliver the stock, cannot be sustained.

ID.—CONVEYANCE OF LAND TO WIFE OF GRANTEE—OFFER OF RESTITUTION.—
The fact that the defendant conveyed the land to his wife shortly
after the exchange of it for the shares of stock, and that the action
was brought against them jointly to compel a rescission of the con-
tract, could not relieve the plaintiff of the duty of restoring or offer-
ing to restore the stock, or of making demand for a rescission, or
giving notice thereof, before the commencement of the action.

APPEAL from a judgment of the Superior Court of Contra
Costa County and from an order denying a new trial. Joseph
P. Jones, Judge.

The facts are stated in the opinion of the court delivered in
Department Two.

E. M. Gibson, and Wells Whittemore, for Appellants.

Restoration of everything of value must be made as a condi-
tion precedent to the right to maintain the action. (*Gifford v.
Carvill*, 29 Cal. (589) 593; *Bohall v. Diller*, 41 Cal. 535; *Her-
man v. Haffenegger*, 54 Cal. 161; *Fitz v. Bynum*, 55 Cal. 459;
*Collins v. Townsend*, 58 Cal. (608) 615; *Bailey v. Fox*, 78 Cal.
(389) 397; *Upper etc. Canal Co. v. Roach*, 78 Cal. 552; *Loaiza v.
Superior Court*, 85 Cal. (11) 30; 20 Am. St. Rep. 197; *Ham-
mond v. Wallace*, 85 Cal. 522; 20 Am. St. Rep. 239; *Marten v.
Burns Wine Co.*, 99 Cal. (355) 358; *Bank v. Wickersham*, 99
Cal. (655) 660; *Gould v. Cayuga etc. Bank*, 86 N. Y. 75-82;
1 Bigelow on Frauds, 400, 401, 408, 409; *Brown v. Hartford etc.
Ins. Co.*, 117 Mass. 479; *Potter v. Monmouth etc. Ins. Co.*,
63 Me. 440; *Babcock v. Case*, 61 Pa. 427; 100 Am. Dec. 654.)
An indorsement of the shares of stock by the plaintiff was
essential to a valid offer of the stock. (*Tafft v. Presidio R. R.
Co.*, 84 Cal. (131) 139; 18 Am. St. Rep. 166; *Graves v. Mono
Lake etc. Min. Co.*, 81 Cal. (303) 325; *Ahrens v. Adler*, 33 Cal.
608; *Mitchell v. Moore*, 24 Iowa, 394; *Parks v. Evansville etc.
R. R. Co.*, 23 Ind. 567; *Wilbur v. Flood*, 16 Mich. 40; 93 Am.
Dec. 203.)

D. M. Delmas, and Frank C. Cleary, for Respondent.

The action is in equity to rescind, and not upon a rescission
already accomplished; and such an action may be maintained
without any tender before suit, the court having power by its

decree to adjust the equities and order proper restitution. (*Mason v. Wheeler,* 24 N. Y. Supp. 879, 881, 882; 2 Misc. Rep. 523; *Vail v. Reynolds,* 118 N. Y. 297; *Gould v. Cayuga etc. Bank,* 86 N. Y. 84; *Gould v. Cayuga etc. Bank,* 99 N. Y. 333-37; *Martin v. Martin,* 35 Ala. 560, 566; *Kiefer v. Rogers,* 19 Minn. 32; Boone's Code Pleading, sec. 194; *Brown v. Norman,* 65 Miss. 369; 7 Am. St. Rep. 663; *Nelson v. Carlson,* 54 Minn. 90; *Jandorf v. Patterson,* 90 Mich. 40; *Garner v. Leverett,* 32 Ala. 410, 413; *Maloy v. Berkin,* 11 Mont. 138; *Day v. Mooney,* 3 Oklahoma, 608; *Reynolds v. Westchester,* 40 N. Y. Supp. 336; 8 App. Div. 193; *Robinson v. Dickey* (Tex. Civ. App., June, 1896), 36 S. W. Rep. 499. In ordering rescission, the court proceeds upon the principle that he who seeks equity must do equity. (Bigelow on Fraud, 1st ed., 408, 416, 417; *Knappen v. Freeman,* 47 Minn. 491; *Brown v. Norman, supra; Teas v. McDonald,* 13 Tex. 349; 65 Am. Dec. 65; *Neblett v. McFarland,* 92 U. S. 103; *Hay v. Hay,* 13 Hun, 315.) Plaintiff was willing to indorse the shares of stock as the court might order, and that is all that was demanded of her. (Civ. Code, sec. 3408; Bigelow on Fraud, 1st ed., 417; *Knappen v. Freeman, supra; Allerton v. Allerton,* 50 N. Y. 670; *Thomas v. Beale,* 154 Mass. 51; *Hay v. Hay, supra; Breitenbach v. Turner,* 18 Wis. 140; *Martin v. Martin, supra; Mason v. Wheeler, supra; Gross v. Scott Mfg. Co.,* 48 Fed. Rep. 35, 38, 39.) The grantee having transferred the land before suit, was not entitled to restoration of the stock, he having put it out of his own power to restore the land. (*Frost v. Lowry,* 15 Ohio, 200; *Davis v. Van Wyck,* 18 N. Y. Supp. 885; 64 Hun, 186; *Dolle v. Rhinehart,* 7 N. Y. Supp. 731; 55 Hun, 605.) No tender was necessary to his wife, for nothing was received from her; "restoration" and "return" imply the giving back to one from whom something has been received. (Civ. Code, secs. 1691, 1692, 3532; *Stevens v. Austin,* 1 Met. 557, 558.) The wife as grantee of the husband could not object that no tender was made to him. (*Stevens v. Austin, supra; Pearse v. Pettis,* 47 Barb. 276, 277, 279-83; *Kinney v. Kiernan,* 49 N. Y. 164, 172; *Bigelow on Fraud,* 418; *Dolle v. Rhinehart, supra; McClellan v. Scott,* 24 Wis. 81, 87, 88; *Frost v. Lowry, supra.*) An accounting was necessary before restoration, and in such

case offer of restitution before suit is not required. (*Sutter Street R. R. v. Baum*, 66 Cal. 44, 52; *Schultz v. McLean*, 93 Cal. 329, 334, 335, 338; *Allerton v. Allerton*, 50 N. Y. 670.) A party seeking to set aside a sale of shares is not bound to pay calls on them to prevent forfeiture. after filing his bill; nor is it fatal to his right of rescission that some of the shares have been thus forfeited. (*Neblett v. McFarland, supra;* Kerr on Fraud and Mistake, 337; Bigelow on Fraud, 1st ed., 41; *Henninger v. Head*, 51 N. J. Eq. 74; *Symns v. Benner*, 31 Neb. 593; *Shackelford v. Handley*, 1 A. K. Marsh. 496, 504, 505; 10 Am. Dec. 753; *Masson v. Bovet*, 1 Denio, 69, 74; 43 Am. Dec. 651; *Smith v. Smith*, 30 Vt. 139; *Hammond v. Pennock*, 61 N. Y. 145, 152, 153, 155; Bigelow on Fraud, 1st ed., 417.) When property is deposited in court it is at the risk of the party for whom deposited, and any loss thereof, as through embezzlement of the clerk, falls on him. (*Sowle v. Holdridge*, 20 Ind. 204, 208, 209.)

McFARLAND, J.—After due consideration of this cause in Bank we are satisfied with the conclusion reached in Department; and for the reasons given in the opinion delivered in Department, the judgment and order appealed from are reversed.

Henshaw, J., Harrison, J., Van Fleet, J., and Garoutte, J., concurred.

The following is the opinion rendered in Department Two, January 7, 1897:

McFARLAND, J.—On the fourteenth day of June, 1884, the plaintiff made a conveyance by deed of the land described in the complaint to H. K. Owens. The consideration of said conveyance was fifty-five thousand two hundred and forty shares of the capital stock of a certain corporation called the Pacific Coast Steel & Iron Manufacturing Company. The certificates of said shares were in the name of the said Owens, and he delivered them to the plaintiff, who had new certificates issued to herself for said shares. Shortly after the conveyance of said land to said Owens he conveyed the same by deed to his wife, Helen M. Owens. This action was commenced against the said H. K. Owens and his wife,

the said Helen, for a rescission of the said exchange of properties and a reconveyance of said land to the plaintiff. During the pendency of the action the said H. K. Owens died, and his executor, William Owens, was substituted for him as a party defendant. The alleged ground for the rescission and reconveyance is a fraudulent misrepresentation by the said H. K. Owens to the plaintiff as to certain facts upon which the value of said shares of stock depended. The court below found that the said representations were false, and rendered judgment in favor of the plaintiff, rescinding and setting aside the contract between the parties as to said exchange of properties, and adjudging that the legal title be reconveyed to the plaintiff. From the judgment and from the order denying a new trial the defendants appealed.

It is contended by appellants that the finding of the court of fraudulent misrepresentation as to said stock is not supported by the evidence, and also that the court committed a great many errors in the admission and exclusion of evidence against their objections, and to which ruling due exceptions were taken; but it is not necessary for us to inquire into and determine these questions, because in our opinion the judgment must be reversed upon another ground.

There is no averment in the complaint that before the commencement of the action the plaintiff restored or offered to restore to defendants the said stock; nor is there any averment that plaintiff was unable to restore said stock, or any excuse given why she did not restore the same, or offer to do so. Indeed, there is no averment that she gave any notice to defendants that she rescinded the said contract. Neither is there any clear averment that said stock was of no value; and the court found that it was of value, not exceeding two thousand dollars. All that appears upon the subject of restoration of said stock, or an offer to restore the same, is as follows: In the second amended complaint, upon which the case was tried, it is averred that in the original complaint an offer was made to deliver the certificates of stock to the said H. K. Owens, who was then living, and the court found that such offer was made in the original complaint, and that the certificates were deposited with the clerk of the court, "not already indorsed, but to be hereafter properly indorsed under order of court," and that since the death of said Owens plaintiff "has

been ready and willing, and has offered, and is now ready, willing, and offers, to return and deliver said certificates to defendant William Owens, executor of the last will and testament of H. K. Owens, deceased, indorsed in any manner that may be by the court directed, and that may be necessary to revest the title and property in said certificates in the estate of said deceased." And the court finds that "upon the plaintiff tendering the certificates of stock for the fifty-five thousand two hundred and forty shares of said capital stock of the Pacific Coast Steel and Iron Manufacturing Company, received by her from said H. K. Owens, to the defendant, William Owens, executor of the last will and testament of H. K. Owens, deceased, properly indorsed by plaintiff," then a decree should be entered for the reconveyance of said property, etc; and the decree recites that the plaintiff having left said certificates in the custody of the clerk for said defendant, "properly indorsed by plaintiff," therefore it is decreed, etc. And so it appears that the said certificates of stock never were indorsed by the plaintiff so as to transfer the right of property therein to the defendants, or give defendants an opportunity to receive the same, until after the findings and immediately before the entry of the decree. And it further appears that long before this time, and while the certificates still stood in the name of the plaintiff unindorsed, the shares of stock represented by them were sold for assessments, and thus passed entirely out of the control of the plaintiff. Under these facts we do not see how the judgment in this case can be affirmed.

It is undoubtedly the general rule that there can be no rescission of an executed contract, upon the ground of fraudulent misrepresentation, without restoration before suit by the party seeking to rescind of everything of value which he had received from the other party under the contract, or a *bona fide* offer to restore. This rule is expressly declared in the Civil Code, and has always been rigidly enforced in this state from a very early date in our judicial history. In *Gifford v. Carvill*, 29 Cal. 589, the suit was upon certain promissory notes given for the purchase money of certain shares of stock in a mining corporation, and the defense was that the defendant was induced to make the purchase by the false and fraudulent representations of the plaintiff as to the value of the mine owned by said corporation. Judgment was

rendered in the lower court for the plaintiff, but it was reversed upon the ground that the defendant had not restored the shares of stock to plaintiff, or offered to do so at the proper time. The court said: "There is no averment in the answer, and no proof or finding of the court, that defendant notified the plaintiff of his intention to rescind the contract on the ground of fraud, or that he offered to return the stock. On the contrary, it appears that this defect was made one of the grounds for a new trial, and the court required the defendant to deposit the stock with the clerk for the benefit of the defendant as a condition of denying the motion." This court, in its opinion delivered by Sawyer, J., approved the language used in *Herrin v. Libbey*, 36 Me. 357, as follows: "The rights of a party who has been defrauded in making a contract are, on the discovery of the fraud, within a reasonable time to rescind the contract and restore the parties to their former condition, or to affirm the contract and claim compensation or damages for the injury he has sustained by reason of the fraud." It also approved the language of the court in *Burton v. Stewart*, 3 Wend. 239, 20 Am. Dec. 692, as follows: "Had they intended to treat the contract as void on the grounds of fraud, it was their duty, when they discovered that the mare was not such as the party had represented her to be, to have returned her to plaintiff. When prosecuted on the note, and the cause brought to trial, it was too late to repudiate the contract." The court below (in *Gifford v. Carvill, supra*), upon denying the new trial, had ordered the defendant to deposit the stock for the use of plaintiff, but this court said: "If it was of some value, and on that ground it was necessary for the defendant to return it, then it was too late after verdict and judgment to offer it for the first time on the requirement of the court as a condition of denying a new trial." In *Collins v. Townsend*, 58 Cal. 608, the court repeats the language used in *Gifford v. Carvill, supra*. In that case the suit was also upon a promissory note given for the purchase of stock in a corporation, and the defense was fraudulent representation as to the value of the stock. The stock itself had been pledged to the plaintiff as security for the note; but a judgment for plaintiff was reversed because before suit the defendant had given no notice of any rescission of the contract. The court say: "But a return of the property is only one mode of putting

the parties in *statu quo*. If the vendor has retained possession of the property sold, as security or otherwise, the purchaser may indicate his intention to rescind, and notify the seller that he abandons all right or claim to the property. If he fails to do this under such circumstances, he is equally at fault as if, having received the property, he should refuse or neglect to return or tender it. As we have seen, the person desiring to rescind the contract because of fraud must restore—so far as his action can do this—the parties to their former condition within a reasonable time." In *Herman v. Haffenegger*, 54 Cal. 161, the court referred approvingly to the above authorities, and say: "It nowhere appears that any offer to return was made previous to action brought. . . . . The plaintiff had received of defendant something of value, and we do not find in the testimony any return or offer to return to defendant that which plaintiff had received of him. The plaintiff, indeed, as the testimony shows, did not then own what he had so received. He could not maintain the action until he had so returned or offered to do so. This was a condition precedent to his maintenance of the action. And, as he did not comply with this request, the nonsuit was properly granted. (*Gifford v. Carvill, supra.*)" In *Bohall v. Diller*, 41 Cal. 533, the court announced the same doctrine, and said: "When a vendee has so failed to perform the contract that the vendor may elect to treat the contract as rescinded, it is incumbent on the vendor, in order to work that result, to restore to the vendee whatever he has paid on the contract. A rescission of a contract in order to be effectual must be a rescission *in toto*. The plaintiff has failed to allege a repayment or tender of the amount paid by the defendant at the execution of the contract. He, therefore, cannot proceed to recover the possession of the premises on the ground of a rescission of the contract." In *Hammond v. Wallace*, 85 Cal. 531, 20 Am. St. Rep. 239, the foregoing cases are referred to approvingly, and the court say: "Moreover, there is neither averment or proof that plaintiff ever made any attempt to rescind or make any tender of or offer to return anything of value received from defendant previous to the filing of the complaint, or any tender at all. The only averment upon the subject is that plaintiff is 'willing and able to return to the defendant all the moneys which she paid to him on the purchase of the

property, and all the moneys which she has lawfully or legitimately paid out or expended on account of the purchase of said property, and now offers to do so.' This is not sufficient." In *Loaiza v. Superior Court*, 85 Cal. 31, 32, 20 Am. St. Rep. 197, the court announced the same doctrine, cites the authorities above mentioned, and declares what is necessary to constitute a rescission, or to authorize the court to adjudge a rescission, in accordance with the above authorities; although in that case it was held that the offer to restore was sufficient. In *Buena Vista etc. Co. v. Tuohy*, 107 Cal. 243, the court reiterates the doctrine of the above cases, and says: "He who would rescind a contract must put the other party in as good a situation as he was before, otherwise he cannot do it. (Chitty on Contracts, 276.) And his complaint, framed with this object, must state facts showing that he has performed or offered to perform on his part every act necessary to thus place the defendant." The foregoing are only a few of the cases in which this court has repeatedly declared the doctrine as above stated.

Counsel for respondent in his very able briefs endeavors to avoid the applicability of the rule above stated to the case at bar, by contending that there is a distinction between an action upon a rescission and a bill in equity to rescind, and that the case at bar is of the latter class. No doubt such a distinction is to be found in some of the authorities—although no case decided by this court recognizing the distinction has been called to our attention. But in such a case the purpose of the action, no matter what it may be called, is always to effect the rescission of a contract and put the parties, as nearly as may be, *in statu quo*. Strictly speaking, a contract can be rescinded only by one or both of the parties to it; but when one of the parties, having the right to do so, has rescinded in the way prescribed by the law, and the other denies the right or the fact, the former is usually forced to invoke in some way the aid of a court to secure the fruits and benefits of the rescission. It is evident, however, that he cannot in a plain case escape the consequences of a failure to himself take the proper steps to rescind by simply casting his complaint in the mold of a bill in equity to rescind. There are exceptional cases where restoration or an offer to restore before suit brought is not necessary—as, for instance, where the thing received by

the plaintiff is of no value whatever to either of the parties; or where the plaintiff has merely received the individual promissory note of the defendant; or where the contract is absolutely void; or where it clearly appears that the defendant could not possibly have been injuriously affected by a failure to restore; or where, without any fault of plaintiff, there have been peculiar complications which make it impossible for plaintiff to offer full restoration, although the circumstances are such that a court of chancery may by a final decree fully adjust the equities between the parties—and it will be found that such instances, or others similar to them in principle, are those to which the authorities cited by appellants generally relate. The substance of the distinction will be found to be based, not upon the form of the action, but upon the difference between the cases which are within the rule, and those which, owing to peculiar facts, are exceptions to the rule. And the real facts and rights arising thereon cannot be kept out of sight by the device of a particular form of action. Sections 3406-08 of the Civil Code do not establish any new rule upon the subject.

But, under any view, the judgment here under consideration cannot stand. In the first place, the case at bar is as clearly within the rule requiring restoration before suit as any case that could be well imagined. To give notice of the rescission and restore the stock within reasonable time after discovery of the alleged fraud was a plain duty of easy performance. There is no excuse for not doing so averred in the complaint, and no valid excuse shown by the evidence. Moreover, there was no valid offer to restore the stock after suit brought; it was not placed in a position and condition to be taken by appellants. Placing the certificates issued to respondent in the hands of the clerk, without assignment, was of no avail. They were not assigned until immediately before the judgment, ten years after the contract, and nine years after the commencement of the action; and then there was no assignment of the shares of stock, for respondent did not then own any stock, and the certificates assigned were mere worthless paper. Therefore, the judgment cannot be maintained even upon respondent's theory of the nature of the action; for the conduct of respondent has made it impossible for the court to decree a rescission that would do equity between the parties. The de-

cree does not even attempt to give appellants a money compensation for the stock, although that would have been unwarrantable; because upon rescission a party is entitled to receive back the thing which he gave, and not the mere amount of money which someone else may consider its value—unless, without the fault of the rescinding party, the thing cannot be restored. We see no merits in the point that leaving the unassigned certificates of stock with the clerk to await the requirements of the final decree —if it should happen to be favorable to respondent—threw upon appellants the burden of paying assessments upon or otherwise taking care of said stock; or in the point that because Owens made a deed of the land to his wife under the circumstances stated in the complaint, respondent was relieved of the duty of restoring or offering to restore the stock, or of making any demand, or giving any notice whatever of intention to rescind, upon or to either the husband or the wife. Indeed, the argument of respondent and the decree of the court go upon the theory that such restoration was at some time necessary.

The judgment and order appealed from are reversed.

Henshaw, J., and Temple, J., concurred.