[L. A. No. 1484.   Department One.—January 26, 1906.]

## A. L. McGUE, Respondent, v. JOHN ROMMEL et al., Appellants.

ACTION UPON NOTE—CONSIDERATION—ASSIGNMENT OF INTEREST IN CORPORATE STOCK AND MEXICAN CONCESSION.—In an action upon a note where a want of consideration is pleaded, a consideration is sufficiently established by the sale and assignment by plaintiff to defendants of all his interest in the stock of a corporation, and in Mexican concessions granted to plaintiff's assignor or to a company organized by him.

ID. — RAILROAD CONCESSION — CONSTRUCTION — PROHIBITION AGAINST TRANSFER—TRANSFERS FOR ORGANIZATION.—A prohibition in the grant of a railroad concession against a transfer of the contract refers to the transfer of it as a whole, and was not intended to prohibit transfers of interests therein for organization of a company, where the concession expressly provided that the concession to the individual was "for his account or that of the company or companies he is at present organizing." At all events, a transfer of a part interest would convey a valuable equitable interest which would form a consideration for a promise to pay money therefor, even if the Mexican government might refuse to recognize the right of the vendee.

ID.—INTEREST IN CORPORATE STOCK—UNISSUED CERTIFICATES.—An interest in the stock of a corporation which has no issued certificates is a property right which may be transferred, and is a consideration for a contract of sale thereof, and would be sufficient to defeat the plea of total want of consideration of the note given therefor.

ID.—SUBSEQUENT FORFEITURE OF CONCESSIONS—CONSIDERATION OF NOTE NOT AFFECTED.—Where the sale agreed to be made was for the apparent purpose of forming companies to carry out the concessions, and there was no forfeiture thereof until eighteen months after the contract of sale, and more than a year after defendants were entitled to a deed under the agreement, during all of which intervening period they had the right to proceed with the performance of the conditions prescribed in the concessions, there was no want or failure of consideration for the note.

Id.—Interest Sold.—The agreement bound the plaintiff to transfer only such "right, title, and interest" as he then had, and did not require him to obtain or tender a perfect title to such interest, or a perfect legal title to some specific undivided part of the concession. An equitable title or right which he then had would comply with the agreement.

Id.—Presumption as to Interest in Stock—Burden of Proof.—The plaintiff having an interest in the stock of the corporation, without certificates, it must be presumed that he either had it as a subscriber thereto or as the assignee of a subscriber. The burden was on the defendant to prove that plaintiff had no title.

Id.—Tender of Performance—Assignment of Right.—The tender by the plaintiff to the defendants of a deed or assignment purporting to convey all the "right, title, and interest" of the plaintiff in and to the property in question, was a sufficient compliance with the terms of the contract of sale, and entitled the plaintiff to payment of the note, and to maintain the action upon non-payment thereof.

Id.—Mortgage to Secure Contract—Property out of State—Code Provision Inapplicable.—Conceding that the terms of agreement of sale made it in effect a mortgage to secure the note, the property being outside of the state, the provisions of section 726 of the Code of Civil Procedure, requiring foreclosure, are inapplicable, and an action can be maintained upon the note notwithstanding the mortgage.

Id.—Mutual Mistake—Recognition of Assignment of Interest in Concessions — Record in Archives — Conflicting Evidence. — Where the evidence is conflicting as to whether there was a mutual mistake in believing that the assignment to the plaintiff of an interest in the concessions had been recognized by the Mexican government, and entered of record in its archives, and there was substantial evidence to support a finding that all parties fully understood that there had been no formal consent to, or record of, such assignment, the verdict being for the plaintiff, the evidence in support of it is conclusive upon this court.

Id.—Action upon Note—Averments of Complaint—Proof by Plaintiff.—In an action upon a note, where the complaint contained the usual allegations, the plaintiff may rest his case upon introducing in evidence the note sued upon, which established all the allegations of the plaintiff upon which issue was or could be taken, and without further evidence he would be entitled to judgment for the amount of the note.

Pleading—Effect of Answer.—If a complaint on a note is sufficient upon its face, it cannot be rendered defective as a pleading by allegations in the answer showing that it was given as part of the price of property to be conveyed upon payment, and that no conveyance had been tendered. (*Naftzger* v. *Gregg*, 99 Cal. 83, explained.)

ID.—ANSWER—CONTRACT OF SALE—NOTE GIVEN FOR PRICE—NON-PER-
FORMANCE BY PLAINTIFF—PROOF—TENDER.—Where the defendants
in their answer set up the contract of sale, and that the note was
given for the price of the property, and the concurrent conditions
necessary to be performed, and alleged non-performance by plain-
tiff, and proved the contract, and that the note was given for the
price of the property, it need not be determined whether the
burden was upon the plaintiff to prove an offer to perform by
tendering a conveyance sufficient to transfer the interest agreed
to be sold, where the evidence of such tender was sufficient, and it is
immaterial which party introduced it.

ID.—REFUSAL OF AMENDMENT OF ANSWER—PARTIAL FAILURE OF CON-
SIDERATION—FORFEITURE OF CONCESSIONS — EVIDENCE.—The court
properly refused to permit the defendants, after the close of the
evidence, to amend their answer by averring a partial failure of
consideration of the note, by reason of the forfeiture of the con-
cessions at the date of the contract, through fault of the plaintiff,
where the evidence does not justify or warrant such amendment,
but shows that the forfeiture took place more than a year after
defendants were entitled to a deed under the agreement, and
wholly fails to show that after tender of the conveyance the plain-
tiff was, so far as the defendants are concerned, under any obliga-
tion to perform the conditions to prevent such forfeiture.

ID.—RESCISSION OF CONTRACT FOR MISTAKE — INSTRUCTION — PROMPT
ACTION.—There was no error in instructing the jury that in order
to accomplish a rescission of the contract for alleged mistake,
and thereby evade payment of the note, it must be found that
defendants promptly, upon the discovery of the mistake, upon
which the right to rescind is claimed, notified plaintiff of their
election to rescind and offered to restore to plaintiff everything
of value received by them under the contract.

ID.—DEFENSE OF RESCISSION—EQUITABLE REMEDY NOT PLEADED—CON-
STRUCTION OF CODE.—Where the defense was that defendants had
rescinded the contract for good cause, under section 1691 of the
Civil Code, and there was no equitable pleading asking the court
to give affirmative relief to compel and adjudge a rescission as
provided in sections 3406 to 3408 of the Civil Code, the rules of
equity applicable to such an action do not apply. Where a rescission
*in pais* under section 1691 is relied upon, though the party
rescinding need not show that he has restored that which is worth-
less he must always show that he has complied with the require-
ment to "rescind promptly," and this implies some notice to the
other party of such determination to extinguish the contract.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

E. C. Bower, for Appellants.

Stephens & Stephens, for Respondent.

SHAW, J.—The defendants appeal from a judgment in favor of the plaintiff and from an order denying their motion for a new trial.

The action was upon a promissory note for two thousand five hundred dollars, executed by the defendants to the plaintiff on March 10, 1900, and due four months after date, the complaint being in the usual form. The answer averred as affirmative defenses that the note was without consideration; that it was secured by mortgage on real estate, which mortgage had not been foreclosed; that the note was executed under a mutual mistake of fact whereby a part of the property for which it was given was believed to be held by a good title, whereas in truth the title was worthless; and that the note was given for the purchase price of certain real and personal property upon a contract that a deed was to be executed upon payment of the note, and that plaintiff had not conveyed and delivered the property in accordance with the contract, or offered so to do. The evidence does not establish either of these defenses. The consideration of the note was the "right, title, and interest" of McGue in the stock of an Arizona corporation known as the Mexican Coast Steamship Company, and in two concessions granted by the republic of Mexico to Alphonso B. Smith, one for the right to construct a railroad in Mexico, and the other an obligation of Mexico to sell a large body of the public lands of that republic. These grants of concessions were made in the latter part of the year 1898, and about the same time Smith in writing assigned or transferred to McGue a one-sixteenth interest therein and in the stock of said steamship company, and a like interest to each of the defendants. By the land concession the republic of Mexico agreed to sell to Smith, "or to the company he may organize," one hundred and ninety-five thousand hectares of the national lands, at a fixed price to be thereafter paid, and upon certain conditions to be thereafter performed by Smith or the company he should organize,

and it provided that upon a failure to perform the conditions the concession should lapse. The railroad concession was of similar character, and conferred upon Smith the right to construct the road on the conditions stated, ''for his account, or that of the company or companies which he is at present organizing''; but it provided that the ''contract may not be transferred without previous authority of the Mexican government,'' and that a lapse would be officially declared upon failure to perform the conditions.

The contention seems to be that the assignment from Smith to McGue was made without the previous authority or subsequent or concurrent consent of the Mexican government, that it was consequently void, and that at the time of the agreement of sale from McGue to the defendants, which was made March 10, 1900, McGue had no interest, right, or title to the property he thereby agreed to sell. This claim is manifestly untenable. By the terms of the concessions there was implied authority given to Smith to transfer to other persons such interests in the concessions as should be necessary to enable him to form the ''company'' which it was contemplated he should organize for the purpose of performing the conditions precedent specified in the grant. The only prohibition of an assignment is that contained in the railroad concession which prohibited the transfer of the contract. This, we think, refers to a transfer of the contract as a whole, and not to such transfers of interests in the concessions as might be made for the purpose of organizing the contemplated company which Smith was then organizing in order that such company might build the road for him or in his stead. And whether this is the correct interpretation of the grant or not, there can be no doubt that Smith had the right to sell an undivided part interest in the concessions, subject to the contingency that the Mexican government might refuse to recognize the right of the vendee. Such transfer would convey a valuable equitable interest which would constitute property sufficient to form the consideration of a promise to pay money as the price of a sale thereof. There was evidence to show that McGue had an interest in the capital stock of the steamship company, although it appears that no certificates therefor had ever been issued to him. Such an interest in corporation stock may be

transferred and constitutes a right in property. This alone would be some consideration for the contract of sale, and would be sufficient to defeat the plea of total want of consideration. At the time the agreement of sale and note for the price were executed there had been no forfeiture of the concessions. It does not appear when the breach of conditions took place. The forfeiture did not take place until the latter part of the year 1901, which was at least eighteen months after the defendants bought the plaintiff's interest. It is fairly apparent from the evidence that the sale of the interests by Smith to the plaintiff and defendants was made for the purpose of forming the company or companies referred to in the concessions, and that these parties, with Smith and possibly others, constituted such companies. For some eighteen months after the purchase of plaintiff's interest they had the right to proceed with the performance of the conditions prescribed in the concessions and by that means secure the properties thereby granted. There was no want of consideration.

The tender by the plaintiff to the defendants of a deed or assignment purporting to transfer and convey to the defendants "all the right, title, and interest" of the plaintiff in and to the property in question was a sufficient compliance with the terms of the agreement of sale, and entitled the plaintiff to payment of the note and to maintain this action upon nonpayment thereof. It was not necessary to plaintiff's performance of the conditions of the sale that he should have a perfect legal title to some specific undivided part of the concessions. The agreement bound him to transfer only such "right, title, and interest" as he then had. An equitable title or right would comply with the agreement. He had such a title, and the instrument tendered was sufficient to transfer it to the defendants.

No tender of certificates of stock was necessary. The evidence showed that no certificates had ever been issued, and, in the absence of evidence to the contrary, we must presume that the plaintiff had an interest in the stock as subscriber, or as assignee of Smith, who was a subscriber thereto. The burden was on the defendant to prove that plaintiff had no title. The assignment offered was sufficient to transfer this

interest to the defendants, and nothing more was required. The interest he sold was the interest he possessed on March 10, 1900, when he made the agreement to sell such interest. His agreement did not require him to obtain or tender a perfect title to the interest he then had.

Conceding that the terms of the agreement of sale made it, in effect, a mortgage from defendants to the plaintiff of the property described as security for the payment of the note sued on, it by no means follows that the plaintiff could not maintain a personal action on the note without foreclosing the mortgage. The real property, which was the subject of the mortgage, was all situated in the republic of Mexico, beyond the jurisdiction of the courts of California. The provisions of section 726 of the Code of Civil Procedure that there can be but one action for the recovery of a debt secured by mortgage, and that that must be an action of foreclosure, refers solely to debts secured by mortgages of property situated in the state of California, and has no application to mortgages of property situated in another state or country. (*Felton* v. *West,* 102 Cal. 266, [36 Pac. 676].) The present action can therefore be maintained notwithstanding such mortgage.

The mutual mistake under which it is claimed the parties executed the agreement of sale and the note was a belief, alleged to have existed in the minds of all the parties, that the assignment by Smith to the plaintiff of an interest in the concessions had been recognized by the Mexican government and entered of record in the archives thereof. The evidence on the subject of the existence of the mistake was conflicting. There was evidence of a substantial character to support a finding that all the parties at the time fully understood that there had been no formal consent to, or record of, such assignment. The verdict being for the plaintiff, this evidence is conclusive upon this court.

On the authority of *Naftzger* v. *Gregg,* 99 Cal. 83, [33 Pac. 757, 37 Am. St. Rep. 23], it is said that the complaint is defective because it contains no averment of the agreement of sale and tender of a deed in compliance with its conditions. Some expressions in the opinion in that case imply that a complaint upon a promissory note in the usual form, good

upon its face, can be rendered defective by reference to affirmative allegations in the answer. If this were correct, the defendant in such a case would, logically, be entitled to judgment upon the pleadings by reason of allegations in the answer, which by law are deemed controverted (Code Civ. Proc., sec. 462), and of the truth of which there is no evidence. This would be contrary to long-established rules of pleading and evidence. The decision cannot be given such effect. The course of pleading and procedure in such cases is well established and it was followed in the case at bar. The defendants in their answer alleged the execution of the agreement showing the concurrent conditions necessary to be performed and alleged non-performance by plaintiff. Upon the trial plaintiff introduced in evidence the note sued on. This established all the allegations of the complaint upon which issue was taken, and he thereupon rested his case. Without further evidence he would have been clearly entitled to judgment for the amount of the note. The defendants, in support of the affirmative allegations of the answer, then introduced the agreement and proved that the note was given as evidence of the debt for the price of the property. *Naftzger* v. *Gregg* is perhaps authority for the proposition that upon this being shown the burden lay upon the plaintiff to prove an offer to perform by tendering a conveyance sufficient to transfer the interest agreed to be sold. This we need not determine, for, as above stated, the evidence of such tender was sufficient, and upon this appeal it is immaterial which party introduced it.

There was no error in the refusal of the court, after the evidence was closed, to permit the defendants to amend their answer by averring a partial failure of the consideration of the note. The evidence did not justify or authorize such amendment. The defendants obtained the agreement for the sale of McGue's interest in the concessions in March, 1900, and they were offered a transfer of such interest by McGue in July, 1900. The failure of consideration which they desired to plead was the forfeiture of the concessions of lands and of the right to construct a railroad, referred to in the agreement, and of a certain other concession to operate a line of steamers, which, it is alleged, was the line of steamers which the steamship company intended to operate. It was proposed to plead

that these concessions were, by the fault of the plaintiff, forfeited to the Mexican government prior to July 10, 1900, the date fixed in the agreement for the payment of the price and transfer of the plaintiff's interest to the defendants. The evidence failed to show any such forfeiture, but, on the contrary, showed that the forfeitures occurred and were declared in the latter part of the year 1901 and later, which was more than a year after defendants were entitled to a deed under the agreement, during all of which intervening period, by performing the terms and conditions of the concessions, they might have prevented the forfeiture. And there is a total failure to prove that after the tender of a conveyance to defendants in July, 1900, the plaintiff was, so far as the defendants were concerned, under any obligation to perform such conditions to prevent such forfeiture. Under these circumstances the court properly refused to allow the proposed amendment.

Exceptions were taken on the trial to a number of rulings admitting or rejecting evidence. None of them demand discussion or special notice. The evidence admitted was either properly allowed or not of an injurious character, and that refused was either inadmissible or substantially allowed in the subsequent course of the trial.

There was no error in instructing the jury that in order to accomplish a rescission of the contract, and thereby evade payment of the note, it must be found that the defendants, promptly upon the discovery of the mistake upon which the right to rescind is claimed, notified plaintiff of their election to rescind and offered to restore to plaintiff everything of value received by them under the contract. The defense was that the defendants had rescinded the contract for a good cause, under section 1691 of the Civil Code. It was not pleaded in the form of an equitable counterclaim, asking the court to give the affirmative relief of compelling and adjudging a rescission as provided in sections 3406 to 3408 of the Civil Code, and the rules of equity applicable to such an action do not apply. While it is true that, where a rescission *in pais* under section 1691 is relied on, the party rescinding need not show that he has restored that which is worthless, yet he must always show that he has complied with the re-

quirement to "rescind promptly," and this implies some notice to the other party of such determination to extinguish the contract. (*Collins* v. *Townsend,* 58 Cal. 608, 615; *Kelley* v. *Owens,* 120 Cal. 511, [47 Pac. 369, 52 Pac. 797]; 24 Am. & Eng. Ency. of Law, 645.)

There are no other points which require special mention. We find no error in the record.

The judgment and order are affirmed.

Angellotti, J., and McFarland, J., concurred.

Hearing in Bank denied.