[L. A. No. 1842. In Bank.—August 12, 1907.]

## HENRY GREENAWALT et al., Respondents, v. RALPH ROGERS, Appellant.

CONTRACT—RESCISSION—CONSENT—MISREPRESENTATION MUST BE MATE- · RIAL.—Under sections 1565 to 1568 of the Civil Code, a contract cannot be rescinded when it appears that consent would have been given and the contract entered into notwithstanding the duress, menace, fraud, undue influence, or mistake relied upon. A misrepresentation as the basis of rescission must be material; but it can be material only when it is of such a character that if it had not been made the contract would not have been entered into.

ID.—SETTLEMENT OF JUDGMENT—IMMATERIAL CONCEALMENT OF PROPERTY.—A settlement of a judgment of three thousand five hundred dollars by the payment of one hundred dollars will not be rescinded on account of the alleged fraudulent representations of the judgment debtor that he was absolutely insolvent and had no property at the time of the settlement, where it appears that at that time he only had property worth four hundred dollars, and was otherwise indebted to the extent of fifteen thousand dollars. Under such circumstances the concealment by the judgment debtor of his ownership of such property cannot be regarded as material to the settlement.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, Will D. Gould, and James H. Blanchard, for Appellant.

H. L. Dunnigan, for Respondents.

SLOSS, J.—This is an action brought to obtain a decree canceling and setting aside a satisfaction of judgment claimed to have been entered in reliance upon fraudulent representations by the defendant. The trial court made a decree in favor of the plaintiffs, and the defendant appeals from the judgment and from an order denying his motion for a new trial.

The complaint alleges that in June, 1890, one A. H. Judson recovered a judgment against the defendant, Ralph Rogers, for $1,793.95. In July, 1895, A. H. Judson transferred the judgment to the plaintiff Greenawalt for collection, under an agreement that Greenawalt should receive one third of all sums collected, and A. H. Judson the remaining two thirds. Shortly after the assignment Greenawalt brought an action upon the assigned judgment, and in said action recovered judgment against Rogers for $2,563.09. In May, 1902, the defendant, Rogers, represented and stated to A. H. Judson that he had been absent in Alaska; that he had lost all the money that he had made during his stay in Alaska; that he was absolutely without funds, property, or expectations of any description; that he was engaged as a common laborer for his brother at wages not exceeding $1.50 per day; that it was absolutely impossible at that time, and in all probability would in the future be absolutely impossible, for him to pay any portion of his debts or obligations; that he was largely indebted to other persons, and that his absolute necessities of life and the absolute necessities of his family consumed all that he could possibly earn at that time; that if the said Judson would cause satisfaction of the judgment then outstanding in the name of the plaintiff Greenawalt to be entered of record, and accept the sum of one hundred dollars in full satisfaction of said judgment, that he, the said Rogers, would execute and deliver to said Judson his promissory note for the sum of one hundred dollars, and procure his (Rogers's) brother to execute the said note as surety for him. Rogers further represented that the said one hundred dollars was the utmost that he would be able to pay upon said judgment, and that unless Judson and Greenawalt accepted it they would entirely lose their claim. These representations were communicated by A. H. Judson to Greenawalt, and said Greenawalt and Judson, fully believing said statements and relying upon them, and by reason of such belief and reliance, accepted the proposition and the said promissory note for one hundred dollars. The promissory note was paid about the twentieth day of July, 1902, and on the twenty-third day of July, 1902, Greenawalt acknowledged upon the margin of the record full and entire satisfaction of the judgment. The plaintiffs allege that all of these statements of the said

defendant were false, fraudulent, and made with the purpose and design to deceive Greenawalt and A. H. Judson, and to procure from them satisfaction and release of the said judgment; that in fact the said Rogers at the time of making said representations was absolutely solvent; that he had brought with him from Alaska personal property exceeding in value the sum of sixty thousand dollars, and had in his possession and was the owner of money and other personal property exceeding in value the sum of sixty thousand dollars, which facts he fraudulently concealed from Greenawalt and A. H. Judson. Plaintiffs allege further that at the time of the representations Rogers did not owe debts exceeding the sum of fifteen thousand dollars, and that during all of said time he was worth money and other personal property in the sum of forty-five thousand dollars, over and above all his just debts and obligations. The plaintiffs allege that they and the said A. H. Judson did not discover the said fraud practiced upon them until about the fifteenth day of May, 1904. On or about the thirtieth day of June, 1904, it is averred, the said A. H. Judson assigned to W. B. Judson all his interest in and to the cause of action herein set out. The prayer of the complaint is for the cancellation of the satisfaction of judgment, and that plaintiffs recover judgment against Rogers in the sum of $2,563.09, together with interest thereon from the eleventh day of September, 1896, less the sum of one hundred dollars. The complaint was filed July 5, 1904. By an amendment to the complaint filed April 17, 1905, the plaintiffs allege that at the time of making the statements above set forth the defendant was the owner in fee simple and vested with the legal title to real property in the county of Los Angeles of the value of seven hundred and fifty dollars, and that at said time he was the owner of other real property in said county, standing in the name of other persons who held for his use and benefit, which said real property was of the value of six thousand dollars, all of which facts were by the said Rogers fraudulently concealed from the plaintiffs, who were absolutely ignorant of said facts, and did not discover them except as alleged in their complaint.

The answer denied the making by defendant of the representations set forth in the complaint, and denied the ownership by defendant of the real or the personal property alleged

in the complaint to have been owned by him. The answer also denies the assignment by A. H. Judson to the plaintiff W. B. Judson.

The findings are in favor of plaintiffs on the issues raised as to the making of the representations. But it is found by the court that at the time of making such representations the defendant did not own, or have in his possession, money or personal property of the value of sixty thousand dollars, or any part or portion thereof, other than a very small amount which was necessary for his own support. The court further finds against the allegation of the complaint that at the time of the settlement Rogers was solvent, and against the allegation of the amendment that he was the owner of real property, standing in the name of others, of the value of six thousand dollars. It finds, however, that at the time of making of the representations the defendant, Rogers, was the owner of lot 14, block 1, of Garvanza Addition No. 1 of the city of Los Angeles, and that this property was of the value of four hundred dollars, and that Rogers did at the time of the settlement conceal from A. H. Judson and from Greenawalt the fact that he owned this property, and that he did so conceal this fact with the intent and purpose of thereby inducing Greenawalt and Judson to satisfy and compromise said judgment. There is a finding against the allegation that A. H. Judson had assigned his cause of action to the plaintiff W. B. Judson.

From these findings, the court draws the conclusion of law that the plaintiff H. Greenawalt is entitled to a judgment canceling and setting aside the satisfaction of judgment entered of record by him, and that he is entitled to a judgment against the defendant, Rogers, for the amount claimed in the complaint. A decree was entered accordingly, canceling such satisfaction, and giving the plaintiff Greenawalt judgment against Rogers for $4,017.97, together with costs.

It is argued on behalf of the appellant that the complaint is defective in failing to allege that plaintiffs, promptly upon the discovery of the alleged fraud and prior to the commencement of the action, offered to restore to the defendant the one hundred dollars received from him. (Civ. Code, sec. 1691; *Kelley* v. *Owens*, 120 Cal. 502, [47 Pac. 369, 52 Pac. 797].) The appellant makes the further points that A. H.

Judson was a necessary party; that any rights which the respondent Greenawalt may have had are barred by laches; and that the evidence is insufficient to justify the finding that Rogers was the owner of the lot in Garvanza Addition, valued at four hundred dollars. It will not be necessary to consider the soundness of any of these contentions, since we are satisfied that the findings, read in connection with the averments of the complaint, do not show such misrepresentation or concealment of a material fact as would justify the setting aside of the contract of compromise.

The complaint sets forth a clear case of aggravated fraud. The representation that defendant was without means, when in fact he was the owner of realty of the value of six thousand seven hundred and fifty dollars, and personalty of the value of forty-five thousand dollars, over and above his debts, was a fraud which, if followed by proper action on the part of the defrauded parties, would furnish abundant cause for relieving them against a settlement whereby they accepted one hundred dollars in satisfaction of an undisputed claim of several thousand dollars. But respondent fell far short of establishing the case which he had set out to prove. From the findings it appears that the defendant, instead of having forty-five thousand dollars of personal property applicable to the payment of his debts, had none, and, instead of owning real property worth six thousand seven hundred and fifty dollars, owned but a lot of the value of four hundred dollars. While there is a gross disproportion between the amount paid in compromise and the resources of the defendant as alleged in the complaint, this disproportion becomes less, if in fact it does not disappear, when the price of the settlement is compared with the actual amount of defendant's means as found by the court. When it is considered further that the effect of the decree is to subject the defendant to a judgment indebtedness of over four thousand dollars, on account of a claim which he had settled several years before by a payment of one hundred dollars, the facts on which the decree is based should be scrutinized with care to determine whether they justify such a result.

As was said by this court in *Colton* v. *Stanford*, 82 Cal. 351, 398, [16 Am. St. Rep. 137, 23 Pac. 16], quoting the language of Judge Temple, who had presided at the trial of that case

in the lower court, "The power to cancel a contract is a most extraordinary power. It is one which should be exercised with great caution—nay, I may say with great reluctance—unless in a clear case. A too free use of this power would render all business uncertain, and, as has been said, make the length of a chancellor's foot the measure of individual rights. The greatest liberty of making contracts is essential to the interests of the country. In general, the parties must look out for themselves." (See, also, *Oppenheimer* v. *Clunie*, 142 Cal. 313, [75 Pac. 899].)

Our code provides that a contract may be rescinded if the consent of the party rescinding was given by mistake, or obtained through duress, menace, fraud, or undue influence. (Civ. Code, sec. 1689.) Section 1567 provides that "An apparent consent is not real or free when obtained through: 1. Duress; 2. Menace; 3. Fraud; 4. Undue influence; or, 5. Mistake." Section 1568: "Consent is deemed to have been obtained through one of the causes mentioned in the last section only when it would not have been given had such cause not existed." It is the law everywhere that a misrepresentation must, in order to afford a basis for complaint by the party to whom it was made, have been with reference to a material fact. (20 Cyc., p. 23.) Section 1568, above quoted, furnishes a rule for determining what misrepresentations or concealments are to be deemed material. As is said by the court in *Colton* v. *Stanford*, 82 Cal. 351, 398, [16 Am. St. Rep. 137, 23 Pac. 16, 28], at page 399, "the sections of the Civil Code above quoted (secs. 1565, 1566, 1567, 1568) are clear and unambiguous in language, and they seem to establish the rule beyond all controversy that the contract cannot be rescinded when it appears that consent would have been given and the contract entered into notwithstanding the duress, menace, fraud, undue influence, or mistake relied upon. A misrepresentation as the basis of rescission must be material; but it can be material only when it is of such a character that if it had not been made the contract would not have been entered into. The misrepresentation, it is true, need not be the sole cause of the contract, but it must be of such nature, weight, and force that the court can say 'without it the contract would not have been made.' " (Pomeroy's Equity Jurisprudence, sec. 890; *Elliott* v. *Southern Pacific*

*Co.*, 145 Cal. 441, 448, [79 Pac. 420] ; *Spinks* v. *Clark*, 147 Cal. 439, 444, [82 Pac. 45].) Was there such misrepresentation of a material fact in the case at bar? The defendant represented that he had been absent in Alaska, that he had lost all the money that he had made there, that he was absolutely without funds, property, or expectations of any description, that he was engaged as a common laborer for his brother at wages not exceeding $1.50 per day, that he was largely indebted to other persons, and that the sum of one hundred dollars was the utmost that he would be able to pay. None of these statements is found by the court to have been untrue except the statement that he was without funds or property of any description, and this was untrue only to the extent that he was the owner of a lot of the value of four hundred dollars. The complaint alleges that Rogers at no time owed debts exceeding the sum of fifteen thousand dollars. This form of allegation amounted to an assertion, by implication at least, that the defendant *was* indebted to the extent of fifteen thousand dollars. Taken together with the further averment that he owned personal property of the value of sixty thousand dollars, and was possessed of forty-five thousand dollars over and above his just debts and obligations, it shows that the complaint was framed upon the theory that Rogers, at the time of making the representations complained of, had debts amounting to fifteen thousand dollars. The respondent himself treats such indebtedness as an established fact, for in his brief he says that "the answer did not deny that the defendant owed the sum of fifteen thousand dollars." The judgment satisfied amounted at the time of the settlement to about thirty-five hundred dollars. This was less than one fourth of the total indebtedness of Rogers. If, therefore, this lot, which is the only property found by the court to have been owned by him, had been applied to the payment of his debts *pro rata*, whether by voluntary agreement or through the bankruptcy proceedings which, as the complaint alleges, the defendant was contemplating, the share which plaintiff and A. H. Judson could have received would have been less than the one hundred dollars which they did in fact receive. If Rogers's ownership of this lot had been made known by him, the plaintiff Greenawalt would have been confronted with this situation: he would have been informed that Rogers

had debts amounting to fifteen thousand dollars, about three thousand five hundred dollars of which was owing on the judgment in question, that he had absolutely no property with the exception of a lot worth four hundred dollars, and that the sum of one hundred dollars was the utmost that he would be able to pay upon the judgment in question. The essence of the representations upon which Greenawalt and A. H. Judson acted was the statement that one hundred dollars was all Rogers was able to pay upon their judgment. It was their belief that this representation was true that induced them to accept this sum. It is not conceivable that their action would have been different if they had been advised of further facts which were in no degree inconsistent with this ultimate and important fact. Under these circumstances the concealment by Rogers of his ownership of this four-hundred-dollar lot cannot be regarded as material to the settlement.

The court does not in terms find that this concealment was with reference to a material fact, nor that without such concealment the consent of plaintiffs would not have been given. All that is found is that Greenawalt and A. H. Judson fully believed and relied upon each of the statements of the defendant in regard to his financial condition and his inability to pay the judgment, and that by reason of such belief and reliance they accepted the proposition. Most of the statements, however, and all of them which, under the facts alleged and found, can be regarded as material, are found by the court to have been true. It must follow that the findings are not sufficient to support the judgment, since they do not show that the consent of the plaintiff and A. H. Judson was obtained by fraud.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

Shaw, J., McFarland, J., Henshaw, J., Lorigan, J., and Angellotti, J., concurred.

Rehearing denied.