[L. A. No. 7270. In Bank.—February 13, 1923.]

## SAMUEL J. McNEESE, etc., Appellant, v. SAMUEL S. McNEESE, Respondent.

[1] CONTRACTS—RESCISSION.—The interposition of a court of equity to set aside a contract is not necessary to rescission. A contract may be rescinded by the act of the party entitled and desiring to rescind.

[2] ID.—RESTORATION—GIFT.—Where nothing is received under a contract, an offer to restore on rescission is impossible, and where property is transferred by gift there can be no question that an offer to restore is unnecessary.

[3] ID.—NOTICE OF RESCISSION—FORM.—It is not necessary that notice to rescind a contract shall be formal and explicit; it is sufficient that notice shall be given to the other party which clearly shows the intention of the person rescinding to consider the contract at an end.

[4] ID.—DEMAND FOR RETURN OF PROPERTY.—A demand by plaintiff's guardian for the return of property before bringing an action in claim and delivery to recover it is sufficient notice of rescission of the contract under which it was delivered.

[5] CLAIM AND DELIVERY—ISSUES—INCOMPETENCY—RESCISSION—EVIDENCE—HYPOTHETICAL QUESTIONS.—In an action in claim and delivery, brought by the guardian of the estate of one alleged to be incompetent, to recover possession of personal property alleged to have been taken by defendant while plaintiff was incapable of taking care of himself or of consenting to the taking, the question of whether or not, at the time of an alleged rescission of a contract under which defendant claims the property, plaintiff was entitled, because of his incompetency, to rescind, is embraced within the issues, and it is error for the court to exclude evidence offered by plaintiff of facts upon which to base hypothetical questions to show incompetency.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Reversed.

The facts are stated in the opinion of the court.

Waldo M. York for Appellant.

Nathan Newby and William J. Palmer for Respondent.

LENNON, J.—Plaintiff in this action was on the twenty-sixth day of January, 1920, duly adjudged an in-

competent person and H. Parker Wood was appointed
guardian of his estate. Thereafter on the twenty-fifth day
of May, 1920, an action in claim and delivery was instituted
by said guardian in behalf of said incompetent for the re-
covery from the possession of the defendant of a certain
Buick automobile formerly owned by said incompetent.
Plaintiff and defendant are respectively father and son.

The allegations of the complaint were the usual allega-
tions in actions of claim and delivery. In addition thereto
it was alleged "that while the said Samuel J. McNeese was
the owner of said automobile as aforesaid and while he was
in possession thereof and entitled to the possession thereof
and while he was so as aforesaid incapable of taking care
of himself and managing his property and incapable of
consenting thereto the said defendant without right took
said automobile from the possession of said Samuel J. Mc-
Neese." The defendant in his answer denied that plain-
tiff was the owner of, and entitled to the possession of,
said automobile and alleged affirmatively that on the
twenty-first day of October, 1919, he, the defendant, became
the owner of the automobile and entitled to the possession
thereof. At the trial a bill of sale from plaintiff to de-
fendant was offered and received in evidence and defendant
testified that said bill of sale had been given to him by his
father. On behalf of the plaintiff evidence was introduced
to show that said plaintiff had no recollection of having
made the bill of sale. There was also the testimony of two
doctors to the effect that the plaintiff at the time of the
execution of the bill of sale was incompetent to transact
business. This testimony was based upon a hypothetical
question and was admitted out of order and without a
foundation having been laid. But later in the trial of the
case the plaintiff offered to prove as a foundation for said
testimony all of the facts narrated therein. The court re-
fused to hear evidence tending to establish the facts relied
upon as a basis for the hypothetical question upon the
ground that even though all of the facts therein narrated
were shown to be true, nevertheless the necessary conclu-
sion of the court would have to be that the contract was not
void. This was so, the trial court stated, for the reason
that such facts would not establish the fact that plaintiff
was "entirely without understanding," and unless plaintiff

were entirely without understanding he would not come within the code provision which provides that contracts by such a person are invalid and utterly void. (Civ. Code, sec. 38.)

Judgment was made and entered in favor of the defendant and findings were made to the effect that a bill of sale was executed by plaintiff and delivered to defendant and that at the time of the conveyance of said automobile the plaintiff was not entirely without understanding. It was evidently the theory of the trial court that if the plaintiff was entirely without understanding no contract had come into existence, for the reason that plaintiff would have been incapable of making a contract, and an action for claim and delivery would lie; but, upon the other hand, if plaintiff were not "entirely without understanding," then his contract was merely voidable, and his remedy was not an action for claim and delivery, but rather for rescission of the contract.

From this judgment plaintiff appeals, basing his appeal primarily upon the contention that the contract had actually been rescinded by and for the plaintiff prior to the commencement of the action in claim and delivery. Section 39 of the Civil Code, upon which the plaintiff bases his right of rescission, reads as follows: "A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission as provided in the chapter on rescission of this code."

[1] The interposition of a court of equity to set the contract aside was not necessary to rescission. A contract may be rescinded by the act of the party entitled and desiring to rescind. It is well recognized that sections 1688, 1689 and 1691 of the Civil Code provide for rescission effected by the act of the parties. (*Loaiza* v. *Superior Court,* 85 Cal. 11 [20 Am. St. Rep. 197, 9 L. R. A. 376, 24 Pac. 707]; *Kelley* v. *Owens,* 120 Cal. 502 [47 Pac. 369, 52 Pac. 797]; *More* v. *More,* 133 Cal. 489 [65 Pac. 1044, 66 Pac. 76]; *McDonald* v. *Pacific Debenture Co.,* 146 Cal. 667 [80 Pac. 1090]; *McGue* v. *Rommel,* 148 Cal. 539 [83 Pac. 1000]; *California etc. Co.* v. *Schiappa-Pietra et al.,* 151 Cal. 732 [91 Pac. 593]; *Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011]; *Bray* v. *Lowery,* 163 Cal. 256 [124 Pac. 1004];

*Brown* v. *Domestic Utilities Mfg. Co.,* 172 Cal. 733 [159 Pac. 163].)

Under section 1691 of the Civil Code two requirements are set forth as necessary to effect a rescission by the act of the party:

"1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and

"2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

[2] It is conceded by defendant that where nothing is received to be restored, an offer to restore is impossible, and in the case at bar, the property having been transferred by gift, there can be no question that an offer to restore is not necessary. (*McGue* v. *Rommell,* 148 Cal. 539 [83 Pac. 1000] ; *California etc. Co.* v. *Schiappa-Pietra et al.,* 151 Cal. 732 [91 Pac. 593].) It is insisted, however, that a notice to rescind was necessary and that such notice was not given by plaintiff to defendant in the instant case. [3] It is not necessary that the notice to rescind shall be formal and explicit; it is sufficient that notice shall be given to the other party which clearly shows the intention of the person rescinding to consider the contract at an end. It has been held in other states that the mere bringing of an action is a sufficient disaffirmance of a sale. (*Mahoney* v. *Gano,* 2 Ind. App. 107 [27 N. E. 315].) This has been held true not only in executory contracts of sale but in cases where the action was ejectment and the courts conceded that the transfer was not void but merely voidable. (*Smith* v. *Ryan,* 191 N. Y. 452 [123 Am. St. Rep. 609, 14 Ann. Cas. 505, 19 L. R. A. (N. S.) 461, 84 N. E. 402].)

[4] But aside from the foregoing considerations we think the demand for the automobile made by the guardian of the plaintiff preliminary to the institution of this action was sufficient notice to defendant of plaintiff's desire and determination to rescind and adequately informed defendant that plaintiff did not intend to be longer bound by the transfer.

[5] The question of whether or not at the time of the alleged rescission he was entitled, because of incompetency, to rescind was embraced within the issues, and evidence upon that phase of the case was admissible. The trial court having erroneously refused the offer of plaintiff to prove all the facts set forth in the hypothetical question, which proof would have tended to sustain his contention that he was at the time of the execution of the bill of sale incompetent, the case must be sent back for a new trial.

Judgment reversed.

Kerrigan, J., Myers, J., Lawlor, J., Seawell, J., Wilbur, C. J., and Waste, J., concurred.