[No. 14528. In Bank. — March 11, 1892.]

## H. H. WILCOX ET AL., RESPONDENTS, *v.* B. C. LAT-TIN, APPELLANT.

VENDOR AND PURCHASER — CONTRACT OF SALE — CONSIDERATION — TITLE OF VENDOR — IMPLIED REPRESENTATION. —The vendor in an executory agreement for the sale of land impliedly represents that he has a good title thereto as one of the considerations for inducing the vendee to enter into the contract, and that the conveyance therein agreed to be made by him will transfer such title.

ID. — AGREEMENT FOR SALE BY PURCHASERS — CONVEYANCES ON DEMAND — FAILURE OF CONSIDERATION — RESCISSION. —Under a contract for the sale of land, by the terms of which the vendor agreed to convey to the

vendees a tract of land for a specified sum, payable in installments, for which the vendees executed promissory notes, and the vendees were to plat, subdivide, and place all of the land in the market within thirty days after the execution of the contract, and the vendor agreed that as fast as the vendees sold any of the land he would convey the land so sold to the purchasers from them, and credit the payments therefor upon the notes of the vendees, the provision that the vendor would make conveyances of the land as fast as sold by the vendees, and that he would receive the proceeds of the sales as part payment of the notes of the vendees, clearly indicates an agreement on his part to make a conveyance of the whole tract upon demand of the vendees, and that such conveyance should transfer the title to the land to be conveyed; and the refusal or inability on the part of the vendor to make such conveyance is such a failure of consideration as to entitle the vendees to a rescission of the contract.

ID. — LITIGATION OF ADVERSE CLAIM — REPRESENTATIONS OF VENDOR — DELAY IN NOTICE OF RESCISSION — WAIVER — REASONABLE DILIGENCE. — Where suit upon an adverse claim to an undivided half of the land agreed to be conveyed was commenced against the vendor and his vendees for the purpose of establishing the claim, upon the institution of which the vendor assured the vendees that there was nothing in the claim, and requested temporary postponement of further sales by the vendees, and after judgment had been rendered in favor of the adverse claimants made the same representations, and promised them he would appeal therefrom, and upon such appeal establish his title, the fact that the vendees waited until three months after the judgment before giving notice of their rescission of the contract does not amount to a waiver of their right to rescind, but, under such circumstances, reasonable diligence appears in the exercise of their right of rescission.

ID. — TENDER OF CONVEYANCE BY VENDEES — CONVEYANCES BY VENDOR UNDER CONTRACT OF SALE — RESTITUTION UPON RESCISSION. — The tender by the vendees, at the time of their rescission of the contract of sale, of a deed of conveyance conveying all their right, title, and interest in and to the land sold to them, and in and to all moneys and contracts of every character arising from sales made by them under the contract, is not objectionable on the ground that it did not include all of the land embraced in the contract of purchase, if the vendor had himself, in pursuance of the terms of the contract, executed deeds by which portions of the land had been conveyed to third parties, and had himself received all of the consideration for which such conveyances had been made.

ID. — TENDER OF DEED BY VENDOR AFTER SUIT FOR RESCISSION — EXTINGUISHMENT OF CONTRACT — EFFECT OF JUDGMENT. — The tender of a deed by the vendor to the vendees, subsequent to the commencement of an action by the vendees to enforce a rescission of the contract made before suit, even if the deed were sufficient to transfer the title to the land, does not revive the contract, which had been extinguished by the rescission; and a judgment in the action, that the vendees were entitled to exercise their right of rescission, confirms the extinguishment of the contract as of the date when the rescission was made.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

·P. W. Dooner, and *Anderson, Fitzgerald & Anderson,* for Appellant.

There was such a lack of promptness and diligence in the attempted rescission, following default in payment, that the right, had it ever existed, would have been lost. (*Upton* v. *Tribilock,* 91 U. S. 45; *Marston* v. *Simpson,* 54 Cal. 189; *Barfield* v. *Price,* 40 Cal. 536; *Armand* v. *Phillips,* Walk. Ch. 186; *Wilbur* v. *Flood,* 16 Mich. 40; 93 Am. Dec. 203; *Getty* v. *Devlin,* 54 N. Y. 415; *Watson C. Co.* v. *Casteel,* 68 Ind. 476; *Smith* v. *Mohn,* 87 Cal. 489; *Williams* v. *Mitchell,* 87 Cal. 542; Civ. Code, sec. 1691.) The attempted rescission is otherwise unauthorized for want of sufficiency under the statute. No ground of rescission existed, and besides, there were negotiations to clear up the title, amounting to a renewal of the original contract or a general ratification. (*Board of Commissioners* v. *Younger,* 29 Cal. 172; *Bank of Woodland* v. *Hiatt,* 58 Cal. 234; *Alden* v. *Pryal,* 60 Cal. 222; Addison on Contracts, sec. 513.) There was no failure of title which would warrant the plaintiffs to rescind their contract. The rule is well settled, that if the vendor is unable to show a good title at the time prescribed in his contract, or even at the commencement of his own suit, it is sufficient therefor, if he perfects it before final hearing, or the report on title made in the progress of the cause by the master or referee. (Pomeroy on Specific Performance, sec. 376; *Akeily* v. *Vilas,* 15 Wis. 453; 84 Am. Dec. 700; *Pierce* v. *Nichols,* 1 Paige, 244; *Seymour* v. *De Lancy,* 3 Cow. 445; Addison on Contracts, secs. 361, 513; *Scheffer* v. *Dietz,* 83 N. Y. 300.) Lattin could not be restored to his estate by the quitclaim of plaintiff. (Civ. Code, secs. 1691, subd. 2, 3407; *Watts* v. *White,* 13 Cal. 321; *State* v. *McCauley,* 15 Cal. 429; *Fratt* v. *Fisk,* 17 Cal. 381.)

*Albert M. Stephens, Smith, Howard & Smith, Hutton & Swanwick,* and *T. L. Winder,* for Respondents.

The vendees had a right to rescind, as there was a misrepresentation of a material fact, to wit, that the title was good. Under the contract, the plaintiffs were entitled to a call for a conveyance at any time after the execution of the contract; and upon ascertaining that the vendor had no title, they were entitled to rescind the contract. (*Burks* v. *Davis,* 85 Cal. 110; 20 Am. St. Rep. 213; *Goetz* v. *Walters,* 34 Minn. 241; *Lendring* v. *Lunnon,* 2 Eq. Cas. Abr. 680; *Sanders* v. *Lansing,* 70 Cal. 429; *Marshall* v. *Caldwell,* 41 Cal. 614; *Pitcan* v. *James,* 1 Humph. 323. See also 2 Story's Eq. Jur., sec. 778.) But assuming that Lattin need not have a perfect title when he executed the agreement, and that he might subsequently acquire the title to the land which he contracted to convey, yet since he had not at the time of the commencement of this suit, nor has he at the present time, either a good or marketable title to the lands described in the agreement, a rescission may be had. (*Benson* v. *Shotwell,* 87 Cal. 49; Civ. Code, sec. 3394; *Turner* v. *McDonald,* 76 Cal. 178; *Marshall* v. *Caldwell,* 41 Cal. 614; 15 Cent. L. J. 6.) Time was by the very nature of the agreement of the essence of the contract, and Lattin, failing to make titles as he agreed to do, must submit to rescission. (Civ. Code, secs. 3391, 3392; *Weber* v. *Marshall,* 19 Cal. 460; *Grey* v. *Tubbs,* 43 Cal. 359; *Martin* v. *Morgan,* 87 Cal. 203; *Garretson* v. *Vanloon,* 3 G. Greene, 128; 54 Am. Dec. 492; *Kirby* v. *Harrison,* 2 Ohio St. 326; 59 Am. Dec. 677; *Bellas* v. *Hays,* 5 Serg. & R. 427; 9 Am. Dec. 385; *Longsworthy* v. *Longstreet,* 1 McLean, 395; Pomeroy on Specific Performance, 446, and note.)

HARRISON, J. — Action for the rescission of an agreement for the purchase of certain real estate.

The plaintiffs and the defendant made an agreement, August 29, 1887, by which the defendant agreed to convey to the plaintiffs a tract of one hundred acres of land

in the county of Los Angeles for the sum of eighty thousand dollars, of which the plaintiffs were to pay twenty thousand dollars on or before the expiration of six months, twenty thousand dollars on or before the expiration of one year, and forty thousand dollars on or before the expiration of eighteen months from the date of the said agreement, and the plaintiffs executed to the defendants their several promissory notes for these amounts. The agreement also contained the following clause: "This contract is subject to an understanding and agreement between all the parties that the parties of the second part are to plat, subdivide, and place all the said land in the market within thirty days from and after the execution of these presents"; and it was also provided therein "that as fast as any of said land is sold by the said second parties, said B. C. Lattin shall convey the land so sold to the purchasers, and all the moneys arising from such sales, or any sale, shall be paid to said Lattin, and applied by him on the aforesaid notes of said Wilcox and said Shaw in their orders of payment."

Under this agreement, the plaintiffs, within the thirty days therein specified, caused the land to be platted and subdivided in accordance with the terms of the agreement, and placed the land in the market, and made sales of portions thereof, amounting in value to about twenty-five thousand dollars, for which the defendant executed deeds and contracts to the respective purchasers, and received the amounts for which the lands were sold, applying them upon the notes of the plaintiffs. In January, 1888, an adverse claim was made by certain parties to an undivided half of the entire tract, and an action was commenced by them in the superior court for the county of Los Angeles against the defendant and the plaintiffs for the purpose of establishing their claim; and on the 7th of June, 1888, judgment was rendered in said action, by which it was adjudged that they were the owners in fee-simple of an undivided half of said land. It is alleged in the complaint, and also found by the court, that "by reason of said defect in the title of the defendant, and

the said adverse claim, the plaintiffs were absolutely prevented from making any further sales of the said lands." Upon the institution of that suit, the defendant represented to the plaintiffs that there was nothing in the claim, and that he would establish his title in the suit; and after the judgment had been rendered, he represented to them that he would appeal therefrom, and thus settle and establish his title. On the 12th of September, 1888, the plaintiffs notified the defendant that on account of the failure of title they rescinded the contract, and at the same time tendered him a deed of conveyance, conveying him all right, title, and interest in and to the said lands, and in and to all moneys and contracts of every character arising from sales made by them under said contract, and demanded a surrender to them of their notes. The defendant refused to accept the deed or to consent to the rescission, or to surrender the notes. Thereupon the plaintiffs brought this action for the purpose of enforcing a rescission of the contract, and for a surrender of the notes. Judgment was rendered in their favor, from which, and from an order denying a new trial, defendant has appealed.

The agreement between the parties is not merely an executory agreement for the sale of land which is to be conveyed at a future day designated in the agreement, in which the vendor would satisfy his obligation by being able to make the conveyance at the date fixed in the agreement. It is very evident from the terms of this contract that it was not contemplated by the parties that the vendor should be allowed until the expiration of eighteen months from its date within which he might execute the conveyance. The provision therein that the plaintiffs should within thirty days from its date place the land on the market, and that as fast as they should sell it the defendant should convey the parcels so sold to the respective purchasers, and that he should receive the proceeds of such sales in part payment of the notes of the plaintiffs, clearly indicates an agreement on his part that he would make such conveyance upon the de-

mand of the plaintiffs, and by necessary implication that such conveyance should transfer title to the land to be conveyed. The vendor in any executory agreement for the sale of land impliedly represents that he has a good title thereto as one of the considerations for inducing the vendee to enter into the contract, and that the conveyance therein agreed to be made by him will transfer such title. In the present case, the court finds that the defendant made express representations to the plaintiffs that his title to the land was perfect, and that the plaintiffs, relying upon such representations, did not cause the title to be examined by any attorney.

When the adverse claim to one half of the land was made, it naturally had the effect to impair the ability of the plaintiffs to make immediate sales thereof, which was the purpose for which they had entered into the agreement; and the subsequent judgment affirming the validity of such adverse claim established the inability of the defendant to convey the title of any parcel they might sell, and the court finds that " by reason of said defect in the title of the defendant, and the said adverse claim, the plaintiffs were absolutely prevented from making any further sales of the said lands." The court also found that the plaintiffs entered into the contract for the sole purpose of immediately putting the land upon the market, and selling the same in small tracts, and that that purpose was well known to the defendant.

In consideration of these facts, it is manifest that the provision in the agreement that the defendant would make conveyance of the land as he should be requested by the plaintiffs was an essential part of the consideration upon which the plaintiffs entered into the agreement, and that the refusal or inability on the part of the defendant to make such conveyance was such a failure of consideration as to entitle the plaintiffs to a rescission of their agreement. (Civ. Code, sec. 1689, subd. 4.)

The objection that this right of rescission was waived by the plaintiffs by their delay in asserting it cannot be maintained. They were at liberty to consider that the

title of the defendant was as he had represented it, until it was determined otherwise by the court. The mere assertion of an adverse claim by a stranger would not justify them in pronouncing the title bad, and thereupon rescinding their agreement. Even after the action had been brought upon the adverse claim, the defendant assured them that there was nothing in the claim, and that it would be soon disposed of by the judgment, and requested them not to make any further sales until he could ascertain what could be done; and after the judgment he made the same representations, and gave them to understand that he would appeal therefrom, and upon such appeal establish his title. The judgment was entered on the 7th of June, 1888, and on the 12th of September thereafter they gave the notice of rescission. We think that, under the circumstances shown, they used reasonable diligence in exercising their right of rescission.

The objection that the plaintiffs did not at the time of their rescission offer to restore to the defendant everything of value which they had received from him is not sustained by the facts of the case. The specific objection is, that the conveyance which they tendered to the defendant did not include all of the land embraced in the agreement. But the defendant, in pursuance of the terms of the agreement, had himself executed the deeds by which portions of the land had been conveyed, and had himself received all of the consideration for which the conveyances had been made, so that there was nothing which the plaintiffs had received out of the agreement which they could restore to him.

The tender of a deed by the defendant to the plaintiffs subsequent to the commencement of the action, even if such deed had been sufficient to transfer the title, did not revive the contract. By their rescission the contract had been "extinguished" (Civ. Code, sec. 1688); and the judgment that the plaintiffs were entitled to exercise their right of rescission confirmed the extinguish-

ment of the contract as of the date when the rescission was made.

The judgment and order denying a new trial are affirmed.

McFARLAND, J., SHARPSTEIN, J., GAROUTTE, J., PATERSON, J., and DE HAVEN, J., concurred.