[L. A. No. 2577. Department Two.—September 26, 1911.]

## S. F. SPICER, Respondent, v. J. W. HURLEY, Appellant.

SALE OF PATENTED INVENTION — RESCISSION — ABSENCE OF PATENT— FALSE REPRESENTATIONS.—Where a seller agreed to sell and convey an interest in a patent for an invention granted by the United States Government, and executed a bill of sale to the purchaser purporting to do so, the latter may rescind the sale, upon the subsequent discovery that the seller had not been granted such patent, and that his representations to that effect were false, upon giving prompt notice of rescission, offering to return whatever of value he had received under the bill of sale, and demanding a return of the consideration paid by him.

ID.—APPROVAL OF APPLICATION FOR PATENT—ACTION FOR RESCISSION— PATENT ISSUED AFTER RESCISSION.—The approval of an application for a patent by the officers of the United States patent office is not the equivalent of a patent granted and issued, and it is no defense to an action to enforce a rescission of such sale, that the seller's application for a patent for his alleged invention had been so approved, or that subsequent to the rescission and the action to enforce it, a patent for the invention was actually granted to the seller.

ID.—MEANING OF TERM "PATENTED."—The term "patented" does not mean the preliminary proceedings, but the actual issuance of the patent under the seal of the government, speaking the exercise of sovereign will investing the patentee with the grant of a monopoly.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

CLXI Cal.—1

The facts are stated in the opinion of the court.

Long & Sweet, Amend & Amend, and F. A. Knight, for Appellant.

Taylor & Forgy, and Frederick S. Lyon, for Respondent.

LORIGAN, J.—The complaint in this action sets forth four different causes of action the first of which was abandoned on the trial and no further reference need be made to it.

The facts stated in the complaint, applicable generally to the other three causes of action were, that plaintiff and defendant entered into an agreement whereby defendant for the sum of fifteen thousand dollars cash to be paid him by plaintiff was to convey to him certain interests in two patents claimed by defendant to have been granted to him by the United States government, one being for "The Hurley Adjustable Reversible Rachet Wrench," the other for the "Hurley Meat Tenderer Machine," and that the fifteen thousand dollars cash was to be paid principally as the consideration for the improved wrench; that on November 17, 1908, pursuant to said agreement, plaintiff paid to defendant fifteen thousand dollars in cash and in consideration therefor defendant executed to plaintiff two bills of sale, one purporting to convey to plaintiff "an undivided one-sixteenth interest in and to the patent right to 'The Hurley Adjustable Reversible Rachet Wrench' No. 411,530, granted by the United States government under the laws relating to patents," the other purporting to convey an undivided interest in the "Hurley Meat Tenderer Machine"; that on November 24, 1908, plaintiff discovered that no patent at all had been granted defendant for any wrench and that plaintiff had acquired nothing under said bill of sale respecting the same; that there was at the time of the execution of said bill of sale no patent in existence upon "The Hurley Adjustable Reversible Rachet Wrench" and that no patent had at that time been granted by the United States government under the patent laws for such a wrench. In addition to these allegations, common to all the causes of action, the second cause of action charged a total failure of consideration; the third a partial failure of consideration in a material respect (Civ. Code, sec. 1689); the fourth

charged fraud and deceit. It was further alleged that a prompt rescission of said agreement to purchase and a tender back of all that plaintiff had received from defendant was made by him on November 24, 1908. These allegations as to rescission were denied on information and belief. This was an entirely insufficient denial and these allegations therefore stood admitted.

A trial was had on the second, third, and fourth causes of action. No question was made as to the payment of the consideration by plaintiff for the execution of the bill of sale.

The court found the following facts:

## II.

"That plaintiff was induced to pay said consideration to defendant by the representations thereby and theretofore made to plaintiff by defendant for the purpose of inducing said plaintiff to pay said consideration and enter into said agreement to and with defendant; which representations were, as follows: 'that Letters Patent of the United States, Numbered 411,530 had been duly allowed and granted to him (said defendant) by the United States government on a certain article, to wit: the 'Hurley Adjustable Reversible Rachet Wrench'; 'that said patent had been duly allowed and granted'; 'that he (said defendant) was the true and lawful owner of a one sixteenth (1-16) in the entire United States patent right thereto'; 'that he (said defendant) could sell, transfer and assign the said one-sixteenth (1-16) interest to plaintiff, and that he could vest the full title to said one-sixteenth (1-16) interest in said patent rights in plaintiff.'"

## III.

"That said representations made by the defendant as aforesaid were not true and that defendant knew them to be untrue; that the letters patent of the United States, numbered 411,-530, were not granted to defendant and defendant never, at any time, had any interest therein; that said patent No. 411,530 was not granted for an article known as the 'Hurley Wrench' or for any wrench, or any improvements on any wrench, whatever, but was granted to one William H. Pyott on September 24, 1889, for an 'Improvement in Automatic Stop Mechanism for Steam Engines,' and said patent was expired at and before the said November 17, 1908; that no patent of the United States, at or before the making of said

representations by defendant, or before the commencement of this action, or the filing of defendant's answer herein, had ever been granted or issued, for said article known as the Hurley wrench, or for any invention of or improvements made by defendant in wrenches, and said defendant was not, at said times, the owner of any patent rights in said wrench whatever."

It was further found that the bill of sale purporting to convey to plaintiff an interest in a patent for the "Hurley Adjustable Reversible Ratchet Wrench" did not vest in plaintiff a full or any interest in said or any patent, or any patent rights, whatever, and by said instrument did not sell, assign, or transfer to plaintiff anything of value whatever; that the consideration for which plaintiff had paid the fifteen thousand dollars had failed, and that plaintiff had promptly rescinded the contract and demanded the repayment of his money.

The conclusion of law was that plaintiff was entitled to recover the entire consideration of fifteen thousand dollars paid to the defendant and judgment was entered accordingly. Defendant appeals from the judgment and from an order denying his motion for a new trial.

Appellant attacks finding II on the ground that there was no evidence that he ever stated to plaintiff that letters patent of the United States government had been issued to defendant for the wrench. But this claim of appellant is absolutely without merit because the recitals in the finding respecting this matter consist of declarations in the answer of defendant where he directly averred that he had made all the representations which are contained in the finding, among others, alleging "that the defendant represented to plaintiff that letters patent of the United States numbered 411,530, had been duly allowed and *granted* to him by the United States government on a certain article known as the Hurley wrench."

Appellant also challenges finding III as not being supported by the evidence because (to state it as it is contained in the specifications) the execution of the bill of sale would vest in plaintiff all the rights purporting to be conveyed by defendant and did transfer everything it purported to convey. But the evidence clearly shows that defendant did not by it convey to or vest in plaintiff any right which it purported to do. It purported to vest him with an interest in a patent right for

the Hurley wrench which had been granted to defendant, but the evidence clearly shows that no such patent had been granted to him. The attack which appellant directs against this finding is based on what he claims was the uncontradicted evidence in the case. Upon the trial defendant introduced evidence by which he sought to prove that in his negotiations with the plaintiff for a sale of the patent for his improved wrench he had explained fully to him that he had not been actually granted a patent for the wrench, but only that his application therefor had been *allowed* by the patent office, and that he did not want to have the patent issued until he had secured foreign rights thereto; that when the bill of sale for an interest in the patent for the wrench was executed, although it called for a sale of an interest in the patent therefor *granted* by the United States what was meant thereby, and so fully understood by plaintiff was, that a patent had only been *allowed;* that for all legal purposes a sale of an interest in an *allowed* patent was precisely the same thing as the sale of an interest in a *granted patent*. Appellant claims that the evidence upon these matters was uncontradicted. This is obviously untrue because the plaintiff testified that there were no such statements made or such an understanding.

What the defendant did establish was, in fact, that no patent had been granted or issued to him, but that in July, 1908, he had received from the United States patent office a notification that his application (application No. 411,530) for a patent for an improvement in wrenches had been examined and allowed; that a final fee of twenty dollars must be paid and the letters patent bear date of a date not later than six months from the time of the present notice of allowance; that if the final fee was not paid within that period the patent would be withheld and the only relief of applicant would be a renewal of the application with additional fees under section 4897 of the Revised Statutes, [U. S. Comp. Stats. 1901, p. 3386] ; that at the time of the rescission by plaintiff defendant had not yet paid the final fee, and did not do so until December 17, 1908, and was then notified by the department that a patent would issue January 12, 1909.

So that the contention of the appellant that plaintiff was informed of the true situation as to the patent must be disregarded, not only from the conflict of the evidence on the

subject, but because of the admission in his answer that he did not only represent to plaintiff—"that letters patent had been duly allowed and granted to him by the United States government" on the Hurley wrench, but that he further represented "that he was the true and lawful owner of a one-sixteenth interest in the entire United States patent thereto," when in truth the facts were that no patent had been issued or granted to him either at the time when the rescission was made, or even when his verified answer in this case was filed.

Having shown that the objections to the findings are untenable, and that the facts are as found by the court, there is little necessity for further consideration of this matter. Defendant contracted with plaintiff and agreed to sell and convey to him an interest in a *granted* patent and executed a bill of sale purporting to do so. After the sale was consummated plaintiff discovered that defendant had not been granted such patent; that his representations to that effect were false and gave prompt notice of rescission offering to return whatever of value he had received under the bill of sale and demanded a return of the money paid by him as a consideration for the purchase. That the plaintiff under these facts, clearly proven, was entitled to recover cannot be doubted. It is no answer to say that under the bill of sale plaintiff acquired an assignment of an interest in the patent; that equity recognizes such an assignment of an interest in patents before issuance and that such assignments carry with them corresponding rights in any patent which is subsequently issued. Defendant did not sell to plaintiff, and plaintiff was not buying, equitable rights which might fail utterly if the patent was not ultimately granted and which, even if it was granted, plaintiff might be compelled to legalize by a lawsuit. He was purchasing legal rights and interests in a granted patent and he acquired no such interests under the bill of sale because the defendant had none to convey. Such right as the defendant had at that time to the issuance of a patent after the approval of his application was unvested and inchoate. It was conditioned not only upon his compliance with the requirements of the patent office in the matter of the payment of fees but was conditioned also upon the right of the government after further consideration to reject the application and withhold the patent, which it might do if an interference or a pro-

test were filed showing an infringement of an existing patent. It is quite evident therefore that the approval of an application for a patent is not the equivalent of a patent *granted and issued.* "The term 'patented' does not mean the preliminary proceedings, but the actual issuance of the patent under the seal of the government speaking the exercise of sovereign will investing the patentee with the grant of a monopoly." (*Edison etc.* v. *Waring E. Co.,* 59 Fed. 358.) Neither is it of any moment to say that subsequent to the rescission and the bringing of this action to enforce rescission a patent for the wrench was actually granted to defendant. The rights of the parties are governed by the conditions which existed when the rescission was made and were fixed by the rescission, for the rescission if legally made (and it is not only established but admitted here that it was), "extinguished" the contract. (Civ. Code, sec. 1688; *Wilcox* v. *Lattin,* 93 Cal. 588, [29 Pac. 226]; *Smith* v. *Blandin,* 133 Cal. 441, [65 Pac. 894].)

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank denied.