[Civ. No. 5293. First Appellate District, Division One.—December 1, 1926.]

C. A. SUTTON-WATTS, Respondent, v. BARBARA SARNOW, Appellant.

[1] RESCISSION—SALE OF APARTMENT HOUSE LEASE AND FURNITURE—RATIFICATION — AFFIRMATIVE DEFENSE—JUDGMENT—IMPLIED FINDING.—In this action to obtain a decree rescinding a sale of the leasehold interest in an apartment house and of the furniture contained therein, and for the recovery of the initial payment made on the purchase price and the cancellation of the promissory note and mortgage given in payment of the balance, on the ground that the leasehold interest was void, the failure of the trial court to make a direct finding upon the affirmative defense of plaintiff's alleged ratification of the sale was not prejudicial to defendant, as the judgment in favor of plaintiff carried with it an implied finding that plaintiff had not ratified the sale, and any finding upon said affirmative defense would necessarily have been in the negative.

[2] ID.—INTENTION TO RESCIND—EVIDENCE—SUBSEQUENT PAYMENTS.—Where plaintiff's intention to rescind was clearly manifested by her notice to that effect, which was given promptly upon receiving notice of the invalidity of the lease, and which was followed and confirmed by the commencement of suit, her act in thereafter making the monthly payments on the note and mortgage, under the fear that if she defaulted in that respect she would become more deeply involved, could not reasonably be construed as a revocation of the legal course already adopted by her to rescind the sale.

[3] Id. — Confirmation — Evidence. — Evidence of confirmation ought to be watched with the utmost strictness, and to stand only upon the clearest evidence as an act done with all the deliberation that ought to attend a transaction, the effect of which is to ratify that which in justice ought never to have taken place.

[4] Id.—Form of Judgment—Restoration of Property.—In an action to obtain a decree rescinding a sale of the leasehold interest in an apartment house and of the furniture contained therein, the judgment in favor of plaintiff should by its terms place the parties *in statu quo* and require plaintiff, as a condition to the relief awarded her, to restore defendant to everything plaintiff received in the transaction; and on appeal by defendant from a judgment which does not so provide, it is no sufficient answer to say that, in her complaint and at the trial, plaintiff asserted her willingness to return everything she received where, so far as the record on appeal shows, the premises in question and the furniture were still in her possession at the time of the rendition of judgment.

[5] Id.—Sufficient Findings—Erroneous Judgment—Appeal.—Where the findings in such action are supported by substantial evidence and are legally sufficient in form and substance to sustain a judgment in favor of plaintiff, but the judgment entered is erroneous in that it does not provide that plaintiff restore everything she received in the transaction, it is only necessary for the appellate court to reverse the judgment with directions to enter a new judgment which shall include the omitted provision.

(1) 4 **C. J.**, p. 1059, n. 1, p. 1060, n. 12.    (2) 35 **C. J.**, p. 1174, n. 61.   (3) 13 **C. J.**, p. 624, n. 99.   (4) 9 **C. J.**, p. 1267, n. 62 New. (5) 4 **C. J.**, p. 1191, n. 44.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Edwin F. Hahn, Judge.   Reversed.

The facts are stated in the opinion of the court.

Clark, Law & Clay for Appellant.

Harry Lyons for Respondent.

KNIGHT, J.—An action by the plaintiff as vendee to obtain a decree rescinding a sale of the leasehold interest in an apartment house and of the furniture contained therein;

3.   See 4 Cal. Jur. 803.
4.   See 4 Cal. Jur. 797.

also for the recovery of the initial payment made on the purchase price and the cancellation of a promissory note and chattel mortgage given in payment of the balance. Judgment was given in favor of plaintiff and defendant appeals, urging as grounds for reversal that the trial court erred in failing to find on material issues raised by the answer, and that the judgment is erroneous in that it makes no provision for the return to defendant of the furniture nor does it allow her certain credits to which she claims she is entitled.

The written consent to the assignment of the lease, which was necessary to be obtained before a valid transfer thereof could be made, was signed by Priscilla Brode as administratrix of the estate of her deceased husband, Adolph Brode, who was the owner of the premises during his lifctime and by whom the lease had been executed, but it appears that up to the time she signed said written consent she had not been appointed administratrix. Respondent claimed, therefore, that the leasehold interest which appellant purported to sell was void, and it was upon that ground that respondent rescinded the sale and was given judgment.

The sale was consummated on August 22, 1921, for a consideration of $6,125, of which amount $2,325 was paid in cash and a promissory note for $3,800, payable in monthly installments of $100 each with accrued interest, secured by a chattel mortgage on the furniture, was given in payment of the balance. Respondent took immediate possession and thereafter paid the monthly installments on said note and mortgage for the months of September, October, and November, at which time she learned of the lack of legal authority on the part of Priscilla Brode to execute the written consent to said assignment; whereupon, and on December 3, 1921, after receiving legal advice, she caused to be served upon appellant a notice of rescission, wherein she demanded the return on the down cash payment made on August 22, 1921, and offered to restore to appellant ''the possession of the furniture and furnishings and premises . . . and all personal property and everything of value received under said contract. . . . '' Notwithstanding appellant's rejection of the offer, respondent paid to appellant the December, 1921, and the January, 1922, installments on said note and mortgage, because, as she says, she ''was afraid she (appellant) would

close in on me." In the interim, to wit, on December 31, 1921, respondent commenced this action. It would therefore appear that one installment on the purchase price was paid by respondent after she rescinded the sale and another one was paid after the action was filed.

The evidence further shows that said furniture completely furnished the apartment house, consisting of twenty-one rooms, and that in September, 1922, at which time this action was tried, respondent was still in possession thereof, having been operating the same continuously since taking possession on August 22, 1921. With reference to the rental value for the use of said furniture, the record discloses that it was stipulated at the trial "that Mr. Edson (the agent who negotiated the sale) shall take all the books and records of the apartment house (during the occupancy thereof by respondent, Mrs. Watts) and shall add up all the expenses and receipts, and deduct the expenses from the receipts, and then allow one hundred dollars a month and her room to Mrs. Watts. The balance of that money to go back to Mrs. Sarnow"; and it was further stipulated that Edson's report should be made to counsel, the court in the meantime withholding its decision. The record fails to show whether or not any such report was ever made, but in this connection appellant gave testimony to the effect that the net income from the business while she was operating it was $175 a month. It is also shown that a deposit of $125 made by appellant at the time she accepted the lease as a guarantee for the faithful performance of its conditions, and which was to be applied as the rental for the last month, was never repaid to her by respondent.

Respondent's complaint was in two counts. In the first count appellant was charged with actual fraud in selling a void lease, and in the second it was alleged that the sale was consummated upon the assumption of both parties thereto that said lease was valid and that therefore they were laboring under a mutual mistake. Appellant, in her answer, besides denying the alleged fraud, controverted the allegations as to the invalidity of the lease and set forth as affirmative defenses that Priscilla Brode, after receiving the appointment of administratrix of the estate of her deceased husband, ratified and confirmed said lease; also that

respondent ratified and confirmed said sale by making payments to appellant on said note and chattel mortgage after the discovery of the alleged invalidity of the said lease and the service upon appellant of the notice of rescission; furthermore, that subsequent to the date of said sale respondent continued in possession of said apartment house and said furniture, and that the profits from said apartment house amounted to $250 a month, and that the rental value of the furniture was $200 a month.

The trial court found that said leasehold interest was void for the reasons alleged by respondent, but did not indicate whether the sale thereof by appellant was the result of a fraud or of a mutual mistake. It further found as to the dates and amounts of the payments made by respondent to appellant; also as to the service of the notice of rescission, the refusal of appellant to comply therewith, and that the furniture at the time of the sale was of the value of $2,000 and no more; but it made no findings as to any of the affirmative defenses pleaded by appellant, nor did it make any general finding negativing the allegations of appellant's answer or any general finding that all of the allegations of respondent's complaint were true.

The judgment, which in terms followed the conclusions of law set forth in the trial court's decision, was as follows: "It is ordered and adjudged that the said contract entered into about the 22nd day of August, 1921, by and between the plaintiff and the defendant herein, be declared rescinded and void. 2. That the promissory note and chattel mortgage recorded in book #442, page #333 of official records of Los Angeles county, be delivered to plaintiff and cancelled and discharged. 3. It is further ordered and adjudged that plaintiff have, recover of and from the defendant, Barbara Sarnow, judgment in the sum of two thousand six hundred and thirty ($2630) dollars, and for costs of suit taxed at . . . "

[1] Conceding, as appellant contends, that she was entitled to a finding upon the affirmative defense of respondent's alleged ratification of the sale, we are of the opinion that the failure to find thereon has not been prejudicial. Such a finding, if made, would necessarily have been in the negative, for the reason that the judgment was in favor

of respondent, which consistently carried with it the implied finding that respondent had not ratified the sale; and it is not to be presumed that the trial court would have stultified its judgment with the presence of an affirmative finding that respondent had ratified the sale. Assuming, therefore, that the finding on the issue mentioned, if made, would have been in the negative, it could have served appellant but one useful purpose, and that is it would have furnished grounds for the presentation of the question of waiver, and this question appellant has already presented under the appeal from the judgment; consequently the absence of a direct adverse finding on said issue has deprived appellant of no substantial right, nor so far as can be seen has it operated to her disadvantage.

Treating the judgment as such adverse finding, we think it fairly supported by the evidence. [2] Respondent's intention to rescind was clearly manifested by the prompt service of notice to that effect, which was followed and confirmed by the commencement of suit, and we think that the payments mentioned, standing alone, cannot be reasonably construed as a revocation of the legal course already adopted by her to rescind the sale, nor did the fact that they were made mislead appellant or operate to respondent's benefit, but, as remarked by the trial court, were doubtless made by respondent under the fear that if she defaulted in that respect she would become more deeply involved. [3] Evidence of confirmation "ought to be watched with the utmost strictness, and to stand only upon the clearest evidence as an act done with all the deliberation that ought to attend a transaction, the effect of which is to ratify that which in justice ought never to have taken place." (*Green* v. *Durvergey,* 146 Cal. 379 [80 Pac. 234].) All of the cases cited and relied upon by appellant were predicated upon some advantage accruing to the injured party as a result of the waiver. Here the payment of upward of $240 in addition to the amounts already paid by respondent was of no benefit to her. Clearly, it did not help her to retain possession of the apartment house, because, aside from said payments, in view of appellant having declined to retake possession, she was justified in continuing in the occupation thereof for the purpose of protecting the property for all parties. (*Shermaster*

v. *California Bldg. etc. Co.,* 40 Cal. App. 661 [181 Pac. 409].)

Regarding the amount of credits appellant was entitled to, we think it can be reasonably concluded from the amount for which the judgment was rendered, when considered in the light of the evidence, that all just credits were considered and allowed. The evidence shows that the total payment made by respondent to appellant, together with legal interest thereon, amounted to approximately $3,092, whereas the judgment directed the repayment to her of only $2,630, showing that credits were allowed appellant in approximately the sum of $462, which amount we may infer the trial court concluded was sufficient to cover the rental value of the furniture and other items justly due appellant.

[4] The form of judgment rendered, however, was erroneous, in that it made no provisions for the return of appellant's property. In *Conlin* v. *Studebaker Brothers,* 175 Cal. 395 [165 Pac. 1009], it is held that in decreeing the rescission of a contract of sale the judgment by its terms should place the parties *in statu quo* and require the plaintiff, as a condition to the relief awarded him, to restore to defendant everything of value he has received under the contract. The subject of the sale there was an automobile which the court found had been misrepresented to plaintiff, and the court said: ''But there is no provision in the judgment for the return to defendants, or either of them, of the automobile itself. So far as the judgment goes, the plaintiff gets back the purchase price paid by him for the automobile and keeps the automobile too. Such a judgment cannot stand. In decreeing the rescission of a contract the court 'requires equity at the hands of the complaining party as well as from the defendant, and . . . will place the parties *in statu quo* by requiring the plaintiff to restore to the defendant everything of value which the plaintiff has received under the contract.' (18 Ency. Pl. & Pr. 858; *Sanchez* v. *McMahon,* 35 Cal. 218; *Kelley* v. *Owens,* 120 Cal. 502 [47 Pac. 369, 52 Pac. 797].) It is no answer to this objection to say that the plaintiff, in his complaint and at the trial, asserted his willingness to make a return of the purchased property. It appeared from the evidence that it remained in his possession, and the defendants were entitled to some security for its return beyond the mere expression of

plaintiff's willingness to restore it. The judgment should have made the return of the consideration conditional upon the placing of the automobile in the possession of the defendants.''

The same situation exists here. So far as appears from the record, the furniture was still in the possession of respondent at the time of the rendition of the judgment, the encumbrance thereon in appellant's favor being by the terms of the judgment canceled, and, therefore, as stated in the case last cited, appellant was entitled to some security for its return beyond the mere expression of respondent's willingness to return it.

[5] Inasmuch as the present findings are supported by substantial evidence and are legally sufficient in form and substance to sustain the judgment in favor of respondent, such as the trial court endeavored to render, we think it necessary only to reverse the judgment with directions to enter a new judgment which shall include a provision similar to the one mentioned in *Conlin* v. *Studebaker Bros., supra.* It is so ordered, appellant to recover costs of appeal.

Tyler, P. J., and Campbell, J., *pro tem.*, concurred.