[Civ. No. 7722. First Appellate District, Division Two.—January 28, 1931.]

GERALD EGAN, Appellant, v. LYMAN B. PARKS, Administrator, etc., Respondent.

Law & Overholt and R. E. Hobbs for Appellant.

Harry Lyons for Respondent.

BURROUGHS, J., *pro tem.*—This case is before the court upon an appeal by the plaintiff from a judgment in favor of the defendant. It appears from the record that pending the appeal the defendant C. A. Sutton-Watts has died; that Lyman B. Parks, the administrator of the estate of said deceased, has been substituted as the defendant in this action.

It appears from the evidence that on or about August 22, 1921, the defendant C. A. Sutton-Watts purchased from one Barbara Sarnow a lease and certain furniture; that she made a cash payment thereon and executed and delivered to the said Barbara Sarnow a promissory note for the unpaid balance. Said note was secured by a chattel mortgage on the lease and furniture above referred to and Sutton-Watts thereupon took possession of said property. That on December 31, 1921, Sutton-Watts served on Barbara Sarnow a written notice of rescission of the purchase made as aforesaid and tendered a return of everything of value she had received by virtue of said purchase. The rescission was made because of a failure of title to the lease. Sarnow refused to comply with the rescission. An action was then commenced by Sutton-Watts against Sarnow based upon the rescission aforesaid. A judgment was entered in said action in favor of the plaintiff Sutton-Watts and the defendant Sarnow appealed. During the pendency of the said appeal and on February 26, 1923, Sarnow, the appellant therein, assigned the note and mortgage to Gerald Egan, who is the plaintiff in the case at bar. On March 1, 1923, this action was commenced by said Egan against said Sutton-Watts to recover the possession of all of said personal property based upon the assignment above mentioned. Sutton-Watts denied plaintiff's alleged right to possession of said furniture and alleged that she was entitled to the possession thereof. However, the plaintiff Egan took the necessary steps and obtained possession of the property through summary proceedings. This cause came on for trial January 18, 1926. The plaintiff Egan introduced in evidence the

note and mortgage and the assignment of both by Mrs. Sarnow, the defendant in the action of rescission above referred to. He also obtained an admission from the defendant that no installments on the note had been paid since January, 1922. This constituted the plaintiff's evidence.

It was stipulated that the further trial of the action should be continued until the final decision of the action for rescission. In accordance therewith the court ordered the cause continued. The case referred to was decided December 1, 1926, *Sutton-Watts* v. *Sarnow*, 80 Cal. App. 91 [251 Pac. 654], and it had long since become final when on October 7, 1927, the trial of the instant case was resumed. There was received in evidence a bill of sale made by Barbara Sarnow, the defendant in the former action, to Gerald Egan, the plaintiff herein, purporting to convey to him all of the furniture which she had previously conveyed to the defendant herein, Sutton-Watts. After such sale and pending the appeal in the former action, all of the furniture above referred to was conveyed by Egan to Annie E. Edwards, and upon obtaining possession thereof by means of this action as aforesaid, Egan delivered it to said Annie E. Edwards. It also appears from the evidence that W. R. Law, the attorney for the plaintiff Egan, was also the attorney for Mrs. Sarnow in the action of replevin herein above referred to, and was also the attorney for Annie Edwards, who purchased the furniture from Egan; that the latter was an employee in the office of attorney Law and the consideration for the transfer from Sarnow to Egan was an attorney fee due Law. Further evidence will be hereinafter referred to as the several points advanced for a reversal of the judgment are discussed.

Counsel for appellant says that "The principal question before the court is whether or not during the pendency of her appeal from a judgment for the rescission of a contract for the purchase of personal property and the cancellation of a note and chattel mortgage thereon, Sarnow had such title to the furniture that she could transfer the same to plaintiff herein." In support of his theory that such title does exist, counsel for appellant cites *Sutton-Watts* v. *Sarnow, supra*, but does not point out its applicability to the question involved. That case affirms the judgment of rescission of the contract, but modifies the same by ordering a

definite provision for the return of the property to the defendant in that action before the rescission could become effective. Appellant's principal reliance for the above contention is based upon section 1688 of the Civil Code which reads as follows: "A contract is extinguished by its rescission." It is claimed by appellant that when on December 31, 1921, the plaintiff *Sutton-Watts* v. *Sarnow, supra,* served notice of the rescission of the contract of purchase upon the defendant Sarnow, the contract was immediately extinguished and the defendant thereupon became revested with full title to the property offered to be returned. He cites in support of his contention, *Wilcox* v. *Lattin,* 93 Cal. 588, 595 [29 Pac. 226]; *Hayt* v. *Bentel,* (Cal. App.) [126 Pac. 370; *Spicer* v. *Hurley,* 161 Cal. 1, 7 [118 Pac. 249, 251]. In *Spicer* v. *Hurley, supra,* it is said: "Neither is it of any moment to say that subsequent to the rescission and the bringing of this action to enforce rescission a patent for the wrench was actually granted to defendant. The rights of the parties are governed by the condition which existed when the rescission was made and were fixed by the rescission, for the rescission if legally made, . . . extinguished the contract." The other cases above cited are to the same effect. However, the precise point raised here was not before the court in any of those cases. The question here involved is this: The defendant in this action, being the plaintiff in *Sutton-Watts* v. *Sarnow, supra,* served in that action proper notice of the rescission of the contract; and was compelled to commence an action to enforce the rescission. While the action to enforce that rescission was pending, the defendant Sarnow, the other party to the contract and the defendant in that action, sold the furniture which she had previously sold to the plaintiff to a third party, but the furniture was not in her possession. The third party, Egan, then commenced this action in claim and delivery to recover this furniture. Under such state of facts did the defendant Sarnow by virtue of the rescission become revested with title without fulfilling the terms of the rescission? In support of such claim appellant Egan relies upon section 1688 of the Civil Code and the decisions above cited. But section 1691, subdivision 2 of the Civil Code, provides that the party rescinding "must restore to the other party everything of value which he has received from him under the contract;

or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so''. In the instant case the notice of rescission was given; the rescinding party offered to restore everything she had received from the other party upon condition that such party should do likewise; this the latter positively refused to do. Therefore the rescinding party was not compelled to restore the property until the other party returned the consideration. In *Kelley* v. *Owens,* 120 Cal. 502, 510 [47 Pac. 369, 52 Pac. 797], it is held that the very object of a rescission is to place the parties *in statu quo.* The foregoing rule is so well established that further citation of authority is unnecessary. It is claimed by appellant that under the modified judgment in the case of *Sutton-Watts* v. *Sarnow, supra,* as a condition precedent to the collection of the money theretofore paid on the contract the plaintiff therein must return to the defendant Sarnow the furniture. Having failed to return it, and also having defaulted in the payment of the installments due on the note, she was not in any event entitled to the furniture. We think these claims are answered by the fact that the decree in the rescission action merely follows the rule laid down in subdivision 2 of section 1691 of the Civil Code. Further, Mrs. Sarnow, the defendant in the rescission action, having sold the furniture to this plaintiff Egan and he having disposed of the furniture, has thus placed it beyond the power of the plaintiff in that action to comply with the judgment and therefore he has no just cause of complaint, and he was only entitled to it when she complied with the offer of rescission. If such is not the proper construction, then by a transfer of the property involved the action to rescind a contract becomes ineffective at the option of the wrongdoer. ▮ So far as the failure of the defendant to pay installments after the notice of rescission, such a requirement is not contemplated by the provisions of the law relating to rescission. In fact such a ruling would be directly contrary to the claim made by appellant that the rescission was completed by the service of the notice thereof. It is claimed by the defendant herein, that under the authority of *Montgomery* v. *Meyerstein,* 186 Cal. 459 [199 Pac. 800], the plaintiff in the former action of *Sutton-Watts* v. *Sarnow,* had a lien upon the furniture for the repayment to her of

the sums of money she had previously paid under the contract. However, in the cited case the judgment gave a lien for the purchase money and expenditures. Such is not the case here. We are of the opinion that when in the action of *Sutton-Watts* v. *Sarnow, supra,* plaintiff rescinded the contract, the party against whom the rescission was made had no right or title to the property sufficient to convey the same to a third party except it were made subject to the final judgment in that action. There is no question here of the rights of innocent purchasers.

The second point advanced for a reversal of the judgment is that the finding of the trial court that it is not true that plaintiff was or is entitled to the possession of the personal property, is without foundation in the evidence. We think that what has been heretofore said negatives this contention.

By the third point it is claimed the finding, that the plaintiff herein transferred the possession of the property to a third party and by reason thereof a return or redelivery thereof cannot be had or made to the defendant is without support in the evidence. There is no dispute in the evidence that the property involved was sold and delivered to a Mrs. Edwards by the plaintiff in this action. The testimony of Mr. Law, counsel for the plaintiff, the person vitally interested in the transaction, was that he knew nothing of the location of the furniture. It also appears from the same source that the plaintiff Egan had been an employee in the office of Mr. Law several years previous to the trial and that he never had any interest in the subject matter. There was no further evidence upon this subject. Under the authorities, an alternative judgment is unnecessary where the evidence shows as in this case it would be ineffective. (*Burke* v. *Koch,* 75 Cal. 356 [17 Pac. 228]; *Erreca* v. *Meyer,* 142 Cal. 308 [75 Pac. 826]; *De Thomas* v. *Witherby,* 61 Cal. 92 [44 Am. Rep. 542].)

By the fourth point it is claimed that the evidence fails to disclose that the defendant was entitled to the possession of the furniture involved. It is claimed that during the pendency of the appeal in *Sutton-Watts* v. *Sarnow, supra,* the note and mortgage given by the plaintiff in that action to the defendant therein, was never canceled, therefore the defendant in that action had a right to assign them to Egan, the plaintiff in this action. Therefore Egan had a right to

collect the unpaid installments thereon, and the same not having been paid he, Egan, was entitled to the possession of the property. We think this point is also answered by what has been said upon the first point.

The fifth point urged by the appellant is to the effect that a party who rescinds a contract cannot keep the property and at the same time have a judgment for the return of the consideration. As heretofore stated, such judgments are made in the alternative except when a return of the property cannot be had. The defendant in this action was not seeking in that action to collect the judgment and keep the property. She was asking for the relief granted, a judgment of rescission, that is she asked to be placed *in statu quo*. Her right to that relief was circumvented by this plaintiff who, with full knowledge of all the facts, obtained possession of the furniture and now seeks to deprive the defendant herein of the fruits of the former judgment by purchasing the furniture from the defendant in that action, and by selling it to a third party, thus placing it beyond his power to return it to the defendant. The judgment in this action is for the sum of $2,500, the value of the property, and $1500 for the taking and withholding the same.

The sixth point of error is to the effect that the court's finding number one to the effect that the plaintiff was never entitled to the possession of the furniture is in conflict with finding number three, which holds that it is not true that the plaintiff has ever been or now is in the unlawful possession of said property. It is quite clear from the record that finding number three contains an error by using the word "unlawful" instead of "lawful". The error is one of law and not of fact. Neither word adds to nor detracts from the rest of the findings. The error is not prejudicial in any material degree, nor is it responsive to any issue raised by the pleadings.

The seventh alleged error is that there is no finding of fact by the trial court that the defendant is or ever was entitled to the possession of the furniture. The findings do show that the defendant was in the possession of said furniture and that through this action the plaintiff wrongfully took the furniture from defendant's possession. We think this showing is sufficient to meet the objection.

■ One other objection of the appellant, incidental to the main points argued by him, requires consideration. It is claimed that the sum of $1500 awarded to the defendant as damages has no basis either in law or in fact. This is based upon the claim that Sutton-Watts had no right to use the furniture pending the appeal in the action of *Sutton-Watts* v. *Sarnow, supra*. We have already held that the title remained in Sutton-Watts until the completion of the rescission by the parties. For that reason Sutton-Watts was entitled to use the same. It is not pointed out wherein the evidence is insufficient. We have examined the evidence, however, and find it amply sufficient.

We are satisfied that the judgment of the trial court is right. The judgment is, therefore, affirmed.

Sturtevant, J., and Nourse, P. J., concurred.